*Appendix 4.1.(c)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————————

**Montant de l'augmentation** : CHF 19'179.00. ————————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————————

**Libération** : en espèces. ————————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur** : Monsieur Yannis Valambous, domicilié à Londres (Royaume-Uni de Grande-Bretagne et d'Irlande du Nord) ————————————————

qui souscrit 1339 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 150'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 1'339.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « a » ci-dessus. —————————————

Lausanne, le ... 2015. ————————————————————————

Pour Monsieur Yannis Valambous,
*Monsieur Olivier Cherpillod*

......................................

*Appendix 4.1.(d)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : —————————

| | | |
|---|---|---|
| **Montant de l'augmentation** | : | CHF 19'179.00. ————————— |
| **Genre d'actions émises** | : | 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————— |
| **Prix d'émission** | : | a) 6448 actions à USD 112.00 chacune, soit : ——— |

    - CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ———
    - environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ———

    b) 12731 actions à USD 140.00 chacune, soit : ———

    - CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ———
    - environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ———

| | | |
|---|---|---|
| **Libération** | : | en espèces. ————————— |

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

| | | |
|---|---|---|
| **Souscripteur** | : | Monsieur David Steinhardt, domicilié à New-York (Etats-Unis d'Amérique) ————————— |

qui souscrit 223 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ———

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 25'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 223.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « a » ci-dessus. ————————

Lausanne, le ... 2015. ————————————————————————————————

Pour Monsieur David Steinhardt,
*Monsieur Olivier Cherpillod*                                         .....................................

*Appendix 4.1.(e)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————

**Montant de l'augmentation** : CHF 19'179.00. ————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————

**Libération** : en espèces. ————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur** : Monsieur Ioannis Pipilis, domicilié à Londres (Royaume-Uni de Grande-Bretagne et d'Irlande du Nord) ————————

qui souscrit 892 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 100'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 887.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « a » ci-dessus, et —————————————————

- CHF 5.00 pour les nouvelles actions de CHF 1.00 chacune, ——————————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ——————————————

Lausanne, le ... 2015. ————————————————————————————————

Pour Monsieur Ioannis Pipilis,
*Monsieur Olivier Cherpillod*                                    ......................................

*Appendix 4.1.(1)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : —————————

**Montant de l'augmentation** : CHF 19'179.00. —————————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. —————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————————

**Libération** : en espèces. ——————————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ——————————

**Souscripteur** : Hellas Geniki Investments SA, société dont le siège est à Panama (République du Panama) ——

qui souscrit 803 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ——————————————————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 100'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ——————————

- CHF 443.00 pour les nouvelles actions de CHF 1.00 chacune, ——————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ——————————————————

selon prix d'émission mentionné à la lettre « a » ci-dessus, et ——————————

- CHF 360.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————————

Lausanne, le ... 2015. ————————————————————————

Pour Hellas Geniki Investments SA,
*Monsieur Olivier Cherpillod*                    ........................................

*Appendix 4. 1. (g)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : —————————

**Montant de l'augmentation** : CHF 19'179.00. —————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ———————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ———————————————

**Libération** : en espèces. ————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. —————————

**Souscripteur** : Tamal LLC, société dont le siège est à New-York (Etats-Unis d'Amérique) ———————

qui souscrit 357 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ——————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 50'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 357.00 pour les nouvelles actions de CHF 1.00 chacune, ———————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ——————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ——————————————

Lausanne, le ... 2015.

Pour Tamal LLC,
*Monsieur Olivier Cherpillod*

..............................................

*Appendix 4.1. (h)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————————

**Montant de l'augmentation** : CHF 19'179.00. ————————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ———————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ———

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

b) 12731 actions à USD 140.00 chacune, soit : ———

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

**Libération** : en espèces. ————————————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ———————————

**Souscripteur** : Monsieur Antonio Jose Gracias, domicilié à Chicago (Etats-Unis d'Amérique) ——————

qui souscrit 714 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 100'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 714.00 pour les nouvelles actions de CHF 1.00 chacune, ———————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ——————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ——————————

Lausanne, le ... 2015. ——————————————————————————

Pour Monsieur Antonio Jose Gracias,
*Monsieur Olivier Cherpillod*                                      ......................................

Appendix    4.1. (i)

### BULLETIN DE SOUSCRIPTION

**Mediterra Holdings SA à Lausanne**



**BULLETIN DE SOUSCRIPTION**

**Mediterra Holdings SA à Lausanne**

Lausanne, le ... 2015. ——————————————————————————————————————————

.............................................

*Appendix 4.1.(j)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————

**Montant de l'augmentation**  : CHF 19'179.00. ————————————————

**Genre d'actions émises**  : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ——————

**Prix d'émission**  : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

**Libération**  : en espèces. ——————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur**  : Sarissa Capital Domestic Fund LP, société dont le siège est à Greenwich (Etats-Unis d'Amérique) ——

qui souscrit 436 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 61'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 436.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————

Lausanne, le ... 2015. ———————————————————————

Pour Sarissa Capital Domestic Fund LP,
*Monsieur Olivier Cherpillod*                                           .......................................

*Appendix 4.1.(h)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————

**Montant de l'augmentation** : CHF 19'179.00. ————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

**Libération** : en espèces. ————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur** : Monsieur Nikolaos Fragkistas, domicilié à Athènes (Grèce) ————————————

qui souscrit 536 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 75'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 536.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————

Lausanne, le ... 2015. ————————————————————————

Pour Monsieur Nikolaos Fragkistas,
*Monsieur Olivier Cherpillod*                                        ...................................

*Appendix 4.1. (l)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ——————————

**Montant de l'augmentation** : CHF 19'179.00. ——————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ——————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ——————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ——————————

**Libération** : en espèces. ——————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ——————————

**Souscripteur** : Madame Nicole Sabrina Gertner, domiciliée à New-York (Etats-Unis d'Amérique) ——————————

qui souscrit 1428 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ——————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 200'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ——————————

- CHF 1'428.00 pour les nouvelles actions de CHF 1.00 chacune, ——————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ——————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ——————————

Lausanne, le ... 2015.

Pour Madame Nicole Sabrina Gertner,
*Monsieur Olivier Cherpillod*

...................................

Appendix 4.1 (la)

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————

**Montant de l'augmentation** : CHF 19'179.00. ————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ————

    - CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————————
    - environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————

    b) 12731 actions à USD 140.00 chacune, soit : ————

    - CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————————
    - environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————

**Libération** : en espèces. ————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur** : Monsieur Georgios Dionysios Bekatoros, domicilié à Athènes (Grèce) ————————

qui souscrit 1428 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 200'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 1'428.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————

Lausanne, le ... 2015. ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

Pour Monsieur Georgios Dionysios Bekatoros,
*Monsieur Olivier Cherpillod*                                    ...................................

*Appendix 4. 1.( a)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : —————————

**Montant de l'augmentation** : CHF 19'179.00. ———————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ——————————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ———

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ———————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

b) 12731 actions à USD 140.00 chacune, soit : ———

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————————

**Libération** : en espèces. ———————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur** : Madame Miranta Patera, domiciliée à Athènes (Grèce) —————————————————

qui souscrit 3571 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 500'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ———————————

- CHF 3'571.00 pour les nouvelles actions de CHF 1.00 chacune, ———————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ———————————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ———————————

Lausanne, le ... 2015.

Pour Madame Miranta Patera,
*Monsieur Olivier Cherpillod*

...................................

*Appendix 4. 1. (o)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————

**Montant de l'augmentation**     :   CHF 19'179.00. ————————

**Genre d'actions émises**     :   19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————

**Prix d'émission**     :   a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————

**Libération**     :   en espèces. ————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————

**Souscripteur**     :   Monsieur John Galantic, domicilié à New-York (Etats-Unis d'Amérique) ————————

qui souscrit 357 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 50'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 357.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————

Lausanne, le ... 2015. ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

Pour Monsieur John Galantic,
*Monsieur Olivier Cherpillod*                         ................................

*Appendix 4.1 (p)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————————

**Montant de l'augmentation**  :  CHF 19'179.00. ————————————————

**Genre d'actions émises**  :  19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ——————————

**Prix d'émission**  :  a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

**Libération**  :  en espèces. ——————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————————

**Souscripteur**  :  Cepheus Hellas Investments SA, société dont le siège est à Panama (République du Panama) ——

qui souscrit 714 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ———————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 100'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————

- CHF 714.00 pour les nouvelles actions de CHF 1.00 chacune, ————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————————

Lausanne, le ... 2015.

Pour Cepheus Hellas Investments SA,
*Monsieur Olivier Cherpillod*

.........................................

*Appendix 4.1.(9)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : —————————

**Montant de l'augmentation** : CHF 19'179.00. ——————————————

**Genre d'actions émises** : 19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ——————

**Prix d'émission** : a) 6448 actions à USD 112.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ——————————

b) 12731 actions à USD 140.00 chacune, soit : ——

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ——————————

**Libération** : en espèces. ——————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ——————

**Souscripteur** : Madame Eleni Zarakoviti Fragkista, domiciliée à Athènes (Grèce) ——————————

qui souscrit 535 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ——————————————————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 75'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ——————

- CHF 535.00 pour les nouvelles actions de CHF 1.00 chacune, ——————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ——————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ——————————

Lausanne, le ... 2015. ————————————————————————

Pour Madame Eleni Zarakoviti Fragkista,
*Monsieur Olivier Cherpillod*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Appendix 4.1.(?)*

## BULLETIN DE SOUSCRIPTION

### Mediterra Holdings SA à Lausanne

L'assemblée générale extraordinaire des actionnaires tenue le ... 2015 en l'Etude des notaires Patrick de Preux, Laurent Besso & Jean Schmidt à Lausanne a décidé une augmentation de son capital-actions aux conditions suivantes : ————————————

**Montant de l'augmentation**    :   CHF 19'179.00. ————————————

**Genre d'actions émises**    :   19'179 actions nominatives privilégiées quant au produit de liquidation dites de type « B » de CHF 1.00 nominal chacune. ————————————

**Prix d'émission**    :   a) 6448 actions à USD 112.00 chacune, soit : ————

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

        b) 12731 actions à USD 140.00 chacune, soit : ————

- CHF 1.00 pour les nouvelles actions de CHF 1.00 valeur nominale chacune, ————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ..., par action nouvelle représentant l'agio, soit un agio total d'environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... ————————————

**Libération**    :   en espèces. ————————————

Les nouvelles actions émises donneront droit pour la première fois au dividende éventuel de l'exercice clos à la date décidée par le Conseil d'administration. ————————————

**Souscripteur**    :   Sarissa Capital Offshore Master Fund LP, société dont le siège est à Greenwich (Etats-Unis d'Amérique) ————————————

qui souscrit 278 actions nouvelles de CHF 1.00 nominal chacune, aux conditions décrites ci-dessus. ————————————

Le souscripteur soussigné prend l'engagement inconditionnel d'effectuer un apport correspondant au prix total d'émission, par le versement de USD 39'000.00, représentant une contre-valeur en francs suisse de CHF ..., en espèces, soit : ————————————

- CHF 278.00 pour les nouvelles actions de CHF 1.00 chacune, ————————————
- environ USD ..., représentant une contre-valeur en francs suisse d'environ CHF ... représentant le montant global de l'agio, ————————————

selon prix d'émission mentionné à la lettre « b » ci-dessus. ————————————

Lausanne, le ... 2015. ————————————————————————

Pour Sarissa Capital Offshore Master Fund LP,
*Monsieur Olivier Cherpillod*                                              ...................................

Appendix 5

**Mediterra Holdings SA - Cap Table -Investment USD 3.250.000**

| | Current Shares | | | Investment January 2015 | | | Post Investment - ND | | | | Post Investment - FD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total shares | | % | USD | Total shares | % | Total shares | | | % | Total shares | | | % | |
| | Common Sh. | Pref. A Shares | | | Pref. B Shares | | Common Sh. | Pref. A Shares | Pref B. Shares | | Common Sh. | Pref. A Shares | Pref B. Shares | | |
| **Founder Shareholder** | | | | | | | | | | | | | | | |
| T&A Holdings Luxembourg Sàrl | 99'000 | | 77.00% | | | | 99'000 | | | 64.68% | 99'000 | | | 55.26% | |
| Spyros Foteinos | 1'000 | | 0.78% | | | | 1'000 | | | 0.65% | 1'000 | | | 0.56% | |
| **Series A Investors** | | | | | | | | | | | | | | | |
| Re Gotham LLC, 767 Fifth Avenue, 40th floor, C/O Lisa Somar, New York, NY 10153 | | 7'143 | 5.56% | $ 150'000 | 1'339 | 5.47% | | 7'143 | 1'339 | 5.54% | | 7'143 | 1'339 | 4.73% | |
| Demergon Funds SA, 28-32, Place de la Gare, L - 1616 Luxembourg, Grand Duchy of Luxembourg | | 7'143 | 5.56% | $ 300'000 | 2'586 | 10.56% | | 7'143 | 2'586 | 6.36% | | 7'143 | 2'586 | 5.43% | |
| Yannis Valambous, Flat 9 Greycoat House, 27 Greycoat Street, London SW1P 2QF | | 5'714 | 4.44% | $ 150'000 | 1'339 | 5.47% | | 5'714 | 1'339 | 4.61% | | 5'714 | 1'339 | 3.94% | |
| David Steinhardt, 104 Wooster St apt 2s, New York, NY 10012 | | 4'286 | 3.33% | $ 25'000 | 223 | 0.91% | | 4'286 | 223 | 2.95% | | 4'286 | 223 | 2.52% | |
| Ioannis Piplis, 8 Hollywood Road, London, SW10 9HY, UK | | 2'857 | 2.22% | $ 100'000 | 892 | 3.64% | | 2'857 | 892 | 2.45% | | 2'857 | 892 | 2.09% | |
| Hellas Geniki Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | | 1'429 | 1.11% | $ 100'000 | 803 | 3.28% | | 1'429 | 803 | 1.46% | | 1'429 | 803 | 1.25% | |
| **Series B Investors** | | | | | | | | | | | | | | | |
| Tamal LLC, 40 East 80th Street, Apt 20A, New York, NY 10075 | | | | $ 100'000 | 714 | 2.91% | | | 714 | 0.47% | | | 714 | 0.40% | |
| Antonio Jose Gracias, 375 N. Michigan Avenue, Suite 3214, Chicago, IL 60611 | | | | $ 100'000 | 714 | 2.91% | | | 714 | 0.47% | | | 714 | 0.40% | |
| [redacted] | | | | $ 180'000 | 1'286 | 5.25% | | | 1'286 | 0.84% | | | 1'286 | 0.72% | |
| Sarissa Capital Domestic Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | | | | $ 61'000 | 436 | 1.78% | | | 436 | 0.28% | | | 436 | 0.24% | |
| Nikolaos Fragkistas, 23, Yakinton Street, Palaio Psychico, Athens, Greece, 15452 | | | | $ 75'000 | 536 | 2.19% | | | 536 | 0.35% | | | 536 | 0.30% | |
| Nicole Sabrina Gertner, 254 Park Avenue South, Apt 7d, New York. NY 10010 | | | | $ 200'000 | 1'428 | 5.83% | | | 1'428 | 0.93% | | | 1'428 | 0.80% | |
| Georgios Dionysios Bekatoros, Stratigou Kallari 26-28, Athens 154 52, Greece | | | | $ 200'000 | 1'428 | 5.83% | | | 1'428 | 0.93% | | | 1'428 | 0.80% | |
| Miranta Patera, Em. Benaki 10, 15452 P. Psyhiko, Athens, Greece | | | | $ 500'000 | 3'571 | 14.58% | | | 3'571 | 2.33% | | | 3'571 | 1.99% | |
| John Galantic, 230 Stuyvesant Avenue - Rye, NY 10580 | | | | $ 50'000 | 357 | 1.46% | | | 357 | 0.23% | | | 357 | 0.20% | |
| Cepheus Hellas Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | | | | $ 100'000 | 714 | 2.91% | | | 714 | 0.47% | | | 714 | 0.40% | |
| Eleni Zarakoviti Fragkista, 2, Gounari Street, Kifisia, Athens, Greece, 14561 | | | | $ 75'000 | 535 | 2.18% | | | 535 | 0.35% | | | 535 | 0.30% | |
| Sarissa Capital Offshore Master Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | | | | $ 39'000 | 278 | 1.13% | | | 278 | 0.18% | | | 278 | 0.16% | |
| *Unallocated* | | | | $ *745'000* | *5'321* | *21.72%* | | | *5'321* | *3.48%* | | | *5'321* | *2.97%* | |
| **Incentive Plan** | | | | | | | | | | | | | | | |
| Existing conditional capital | | | | | | | | | | | 22'689 | | | 12.67% | 14.55% |
| New additional conditional capital | | | | | | | | | | | 3'385 | | | 1.89% | |
| **Total** | 100'000 | 28'572 | | **$ 3'250'000** | **24'500** | **100.00%** | 100'000 | 28'572 | 24'500 | | 126'074 | 28'572 | 24'500 | | |
| | **TOTAL** | **128'572** | **100.00%** | | | | | **TOTAL** | **153'072** | **100.00%** | | **TOTAL** | **179'146** | **100.00%** | |

| **Series B Investment** | |
|---|---|
| Subscription price per share | $ 140 |
| Total Investment Series B | $ 3'250'000 |

*Notes:*

*- Series A Investors benefit from A discount pursuant to existing SHA, proportionate to their initial investment*

*- 15% options has been computed on the basis of the confirmed equity injection of 2.5 MUSD*

**Mediterra Holdings SA - Cap Table -Investment USD 2.505.000**

| | Current Shares | | | Investment January 2015 | | | Post Investment – ND | | | | Post Investment - FD | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total shares | | % | | Total shares | % | Total shares | | | % | Total shares | | | % |
| | Common Sh. | Pref. A Shares | | USD | Pref. B Shares | | Common Sh. | Pref. A Shares | Pref B. Shares | | Common Sh. | Pref. A Shares | Pref B. Shares | |
| **Founder Shareholder** | | | | | | | | | | | | | | |
| T&A Holdings Luxembourg Sàrl | 99'000 | | 77.00% | | | | 99'000 | | | 67.00% | 99'000 | | | 56.95% |
| Spyros Fotelnos | 1'000 | | 0.78% | | | | 1'000 | | | 0.68% | 1 000 | | | 0.58% |
| **Series A Investors** | | | | | | | | | | | | | | |
| Re Gotham LLC, 767 Fifth Avenue, 40th floor, C/O Lisa Somar, New York, NY 10153 | | 7'143 | 5.56% | $ 150'000 | 1'339 | 6.99% | | 7'143 | 1'339 | 5.74% | | 7'143 | 1'339 | 4.86% |
| Demergon Funds SA, 28-32, Place de la Gare, L – 1616 Luxembourg, Grand Duchy of Luxembourg | | 7'143 | 5.56% | $ 300'000 | 2'586 | 13.49% | | 7'143 | 2'586 | 6.58% | | 7'143 | 2'586 | 5.60% |
| Yannis Valambous, Flat 9 Greycoat House, 27 Greycoat Street, London SW1P 2QF | | 5'714 | 4.44% | $ 150'000 | 1'339 | 6.99% | | 5'714 | 1'339 | 4.77% | | 5'714 | 1'339 | 4.06% |
| David Steinhardt, 104 Wooster St apt 2e, New York, NY 10012 | | 4'286 | 3.33% | $ 25'000 | 223 | 1.16% | | 4'286 | 223 | 3.05% | | 4'286 | 223 | 2.55% |
| Ioannis Pipilis, 8 Hollywood Road, London, SW10 9HY, UK | | 2'857 | 2.22% | $ 100'000 | 892 | 4.65% | | 2'857 | 892 | 2.54% | | 2'857 | 892 | 2.16% |
| Hellas Geniki Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | | 1'429 | 1.11% | $ 100'000 | 803 | 4.19% | | 1'429 | 803 | 1.51% | | 1'429 | 803 | 1.28% |
| **Series B Investors** | | | | | | | | | | | | | | |
| Tamal LLC, 40 East 80th Street, Apt 20A, New York, NY 10075 | | | | $ 100'000 | 714 | 3.72% | | | 714 | 0.48% | | | 714 | 0.41% |
| Antonio Jose Gracias, 875 N. Michigan Avenue, Suite 3214, Chicago, IL 60611 | | | | $ 100'000 | 714 | 3.72% | | | 714 | 0.48% | | | 714 | 0.41% |
| Sarissa Capital Domestic Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | | | | $ 180'000 | 1'286 | 6.71% | | | 1'286 | 0.87% | | | 1'286 | 0.74% |
| Nikolaos Fragkistas, 23, Yakinton Street, Palaio Psychico, Athens, Greece, 15452 | | | | $ 61'000 | 436 | 2.27% | | | 436 | 0.30% | | | 436 | 0.25% |
| Nicole Sabrina Gertner, 254 Park Avenue South, Apt 7d, New York, NY 10010 | | | | $ 75'000 | 536 | 2.79% | | | 536 | 0.35% | | | 536 | 0.31% |
| Georglos Dionysios Bekatoros, Stratigou Kallari 26-28, Athens 154 52, Greece | | | | $ 200'000 | 1'428 | 7.45% | | | 1'428 | 0.97% | | | 1'428 | 0.82% |
| Miranta Paters, Em. Benaki 10, 15452 P. Psyhiko, Athens, Greece | | | | $ 200'000 | 1'428 | 7.45% | | | 1'428 | 0.97% | | | 1'428 | 0.82% |
| John Galantic, 230 Stuyvesant Avenue - Rye, NY 10580 | | | | $ 500'000 | 3'571 | 18.62% | | | 3'571 | 2.42% | | | 3'571 | 2.05% |
| Cepheus Hellas Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | | | | $ 50'000 | 357 | 1.86% | | | 357 | 0.24% | | | 357 | 0.21% |
| Eleni Zarakoviti Fragkista, 2, Gounari Street, Kifisia, Athens, Greece, 14561 | | | | $ 100'000 | 714 | 3.72% | | | 714 | 0.48% | | | 714 | 0.41% |
| Sarissa Capital Offshore Master Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | | | | $ 75'000 | 535 | 2.79% | | | 535 | 0.35% | | | 535 | 0.31% |
| | | | | $ 39'000 | 278 | 1.45% | | | 278 | 0.19% | | | 278 | 0.16% |
| **Incentive Plan** | | | | | | | | | | | | | | |
| Existing conditional capital | | | | | | | | | | | | | | |
| New additional conditional capital | | | | | | | | | | | 22'689 | | | 13.05% |
| | | | | | | | | | | | 3'385 | | | 1.95% |
| **Total** | 100'000 | 28'572 | | $ 2'505'000 | 19'179 | 100.00% | 100'000 | 28'572 | 19'179 | | 126'074 | 28'572 | 19'179 | |
| | TOTAL | 128'572 | 100.00% | | | | TOTAL | 147'751 | | 100.00% | | TOTAL | 173'825 | 100.00% |

| Series B Investment | | |
|---|---|---|
| Subscription price per share | $ | 140 |
| Total Investment Series B | $ | 2'505'000 |

Notes:
- Series A Investors benefit from A discount pursuant to existing SMA, proportionate to their initial investment

Appendix 7.3.1 (a)

Proxies

## PROCURATION

La soussignée, —————————————————————————————————

Re Gotham LLC, société dont le siège est à New-York (Etats-Unis d'Amérique), ————

en sa qualité de propriétaire de 7'143 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, —————————————

donne procuration, avec pouvoir de substitution, à ————————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. —————————————————————————————————————

Le mandataire peut notamment : ———————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ————————————————————————

New-York, le 10 March 2015. —————————————————————————

Re Gotham LLC

# PROCURATION

La soussignée,

Demergon Funds agissant pour le compte de Demergon Funds- Private Equity Fund, société dont le siège est à Luxembourg (Luxembourg),

en sa qualité de propriétaire de 7'143 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré,

donne procuration, avec pouvoir de substitution, à

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires.

Le mandataire peut notamment :

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société.

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge.

Luxembourg, le 13 Mars 2015.

Demergon Funds agissant pour le compte de Demergon Funds- Private Equity Fund

## PROCURATION

Le soussigné,

Yannis Valambous, domicilié à Londres (Royaume-Uni de Grande-Bretagne et d'Irlande du Nord),

en sa qualité de propriétaire de 5'714 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré,

donne procuration, avec pouvoir de substitution, à

---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour lui et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires.

Le mandataire peut notamment :

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société.

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge.

Londres, le      12/3/ 2015.

Yannis Valambous

## PROCURATION

Le soussigné, ———————————————————————————————————————————

David Steinhardt, domicilié à New-York (Etats-Unis d'Amérique), ——————————

en sa qualité de propriétaire de 4'286 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, ————————————

donne procuration, avec pouvoir de substitution, à ——————————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour lui et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant. l'adoption d'un capital-actions autorisé et des modifications statutaires. ——————————————————————————————————————————

Le mandataire peut notamment : ——————————————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————————————

New-York, le                          2015. ————————————————————————————

David Steinhardt

## PROCURATION

Le soussigné, ————————————————————————————————————

Ioannis Pipilis, domicilié à Londres (Royaume-Uni de Grande-Bretagne et d'Irlande du Nord), ——————————————————————————————————————————

en sa qualité de propriétaire de 2'857 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, -

donne procuration, avec pouvoir de substitution, à ——————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour lui et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ——————————————————————————————————————

Le mandataire peut notamment : ——————————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————————

Londres, le Mar 11          2015. ————————————————————————————

Ioannis Pipilis

# PROCURATION

La soussignée, ————————————————————————————————

Hellas Geniki Investments SA, société dont le siège est à Panama (République du Panama), ————————————————————————————————

en sa qualité de propriétaire de 1'429 actions « A » de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, ————————————

donne procuration, avec pouvoir de substitution, à ————————————————

—— **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ——

aux fins de pour elle et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————————————————

Le mandataire peut notamment : ————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ————————————————————

Panama, le ——————————————— 2015. ——————————————————

Hellas Geniki Investments SA

<u>**P R O C U R A T I O N**</u>

La soussignée, ————————————————————————————

<u>Tamal LLC</u>, société dont le siège est à New-York (Etats-Unis d'Amérique), ——————

donne procuration, avec pouvoir de substitution, à ——————————————————

---- <u>**Monsieur Olivier CHERPILLOD, domicilié à Savigny**</u> ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————————

Le mandataire peut notamment : ————————————————————————

-   signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————

Panama, le                                        2015. ————————————————————

Tamal LLC

*Juan A. Sabater*
*Managing Member*
*Tamal, LLC*

## P R O C U R A T I O N

Le soussigné, ————————————————————————————

Antonio Jose Gracias, domicilié à Chicago (Etats-Unis d'Amérique), ——————

donne procuration, avec pouvoir de substitution, à ——————————————

#### ---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour lui et en son nom, participer, en qualité d'invité, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————

Le mandataire peut notamment : ——————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————

Chicago, le *March 13*, 2015. ——————————————————

Antonio Jose Gracias

## PROCURATION

La soussignée, ————————————————————————————————

████████████████████████████████

donne procuration, avec pouvoir de substitution, à ————————————————

---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————

Le mandataire peut notamment : —————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ——————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————

Kifisia, le    March 11        2015. ————————————————————

████████████████

## PROCURATION

La soussignée, ————————————————————————————————

Sarissa Capital Domestic Fund LP, société dont le siège est à Greenwich (Etats-Unis d'Amérique), ————————————————————————————————

donne procuration, avec pouvoir de substitution, à ————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————

Le mandataire peut notamment : ————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ————————————————————

Greenwich, le                           2015. ————————————————

Sarissa Capital Domestic Fund LP

<u>P R O C U R A T I O N</u>

Le soussigné, ——————————————————————————————————

Nikolaos Fragkistas, domicilié à Athènes (Grèce), —————————————————————

donne procuration, avec pouvoir de substitution, à —————————————————————

---- <u>Monsieur Olivier CHERPILLOD, domicilié à Savigny</u> ----

aux fins de pour lui et en son nom, participer, en qualité d'invité, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. —————————————————————

Le mandataire peut notamment : —————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. —————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. —————————————————————

Athènes, le 13 Mars        2015. —————————————————————————

Nikolaos Fragkistas

# PROCURATION

La soussignée, ───────────────────────────

Nicole Sabrina Gertner, domiciliée à New-York (Etats-Unis d'Amérique), ──────

donne procuration, avec pouvoir de substitution, à ──────────────────

#### ---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ──────────────────

Le mandataire peut notamment : ──────────────────────

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ────────────────────

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ──────────────

New-York, le                        2015. ── 12/3/2015 ──────

Nicole Sabrina Gertner

## P R O C U R A T I O N

Le soussigné, ———————————————————————————————————

Georgios Dionysios Bekatoros, domicilié à Athènes (Grèce), ———————————

donne procuration, avec pouvoir de substitution, à ——————————————————

#### ---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour lui et en son nom, participer, en qualité d'invité, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ———————————————————————

Le mandataire peut notamment : ——————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ———————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————————

Athènes, le                          2015. ———————————————————————

Georgios Dionysios Bekatoros

## P R O C U R A T I O N

La soussignée, —————————————————————————————————————

Miranta Patera, domiciliée à Athènes (Grèce), ————————————————————————

donne procuration, avec pouvoir de substitution, à ————————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ——————————————————————

Le mandataire peut notamment : ——————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————

Athènes, le                               2015. ___Mars  15_____

Miranta Patera

## PROCURATION

Le soussigné, ————————————————————————————

John Galantic, domicilié à New-York (Etats-Unis d'Amérique), ——————————

donne procuration, avec pouvoir de substitution, à ——————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour lui et en son nom, participer, en qualité d'invité, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ——————————————————

Le mandataire peut notamment : ——————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————

New-York, le  17 Mars        2015. ————————————————————

John Galantic

## PROCURATION

La soussignée, —————————————————————————————————

Cepheus Hellas Investments SA, société dont le siège est à Panama (République du Panama), ——————————————————————————————————

donne procuration, avec pouvoir de substitution, à ——————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————

Le mandataire peut notamment : ——————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ——————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ————————————————————————

Panama, le                    2015. ————————————————————

Cepheus Hellas Investments SA

# P R O C U R A T I O N

La soussignée, —————————————————————————————

Eleni Zarakoviti Fragkista, domiciliée à Athènes (Grèce), ———————————

donne procuration, avec pouvoir de substitution, à ——————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. —————————————————

Le mandataire peut notamment : ————————————————————

-   signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. —————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. —————————————————

Athènes, le 18 Mars     2015. —————————————————————

Eleni Zarakoviti Fragkista

## PROCURATION

La soussignée, —————————————————————————————————————

Sarissa Capital Offshore Master Fund LP, société dont le siège est à Greenwich (Etats-Unis d'Amérique), ————————————————————————————————————————

donne procuration, avec pouvoir de substitution, à ——————————————————————

### —— Monsieur Olivier CHERPILLOD, domicilié à Savigny ——

aux fins de pour elle et en son nom, participer, en qualité d'invitée, à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————————

Le mandataire peut notamment : ——————————————————————————————

- signer pour son compte tout bulletin de souscription à l'augmentation du capital-actions de dite société. ——————————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————————————

Greenwich, le                       2015. ——————————————————————————

Sarissa Capital Offshore Master Fund LP

## PROCURATION

La soussignée, —————————————————————————————————

T&A Holdings Luxembourg Sàrl, société dont le siège est à Luxembourg (Luxembourg), ——

en sa qualité de propriétaire de 99'000 actions ordinaires de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, –

donne procuration, avec pouvoir de substitution, à ————————————————————

---- **Monsieur Olivier CHERPILLOD, domicilié à Savigny** ----

aux fins de pour elle et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ————————————————————————————————————

Le mandataire peut notamment : ——————————————————————————————

- signer pour son compte tout bulletin de renonciation à l'augmentation du capital-actions de dite société. ————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. —————————————————————————

Luxembourg, le    11, March      2015. ——————————————————————

T&A Holdings Luxembourg Sàrl

# P R O C U R A T I O N

Le soussigné, ——————————————————————————————————————

Spyros Foteinos, domicilié à Attica (Grèce), ——————————————————————

en sa qualité de propriétaire de 1'000 actions ordinaires de la société « Mediterra Holdings SA », société anonyme dont le siège est à Lausanne, au capital-actions de CHF 128'572.00, divisé en 100'000 actions nominatives ordinaires de CHF 1.00, valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de CHF 1.00, valeur nominale chacune, entièrement libéré, -

donne procuration, avec pouvoir de substitution, à ————————————————————

#### ---- Monsieur Olivier CHERPILLOD, domicilié à Savigny ----

aux fins de pour lui et en son nom, participer à l'assemblée générale extraordinaire des actionnaires de la société anonyme « Mediterra Holdings SA » dont le siège est à Lausanne et qui aura notamment à l'ordre du jour l'augmentation du capital-actions, l'augmentation du capital conditionnel existant, l'adoption d'un capital-actions autorisé et des modifications statutaires. ———————————————————————————————————

Le mandataire peut notamment : —————————————————————————————

- signer pour son compte tout bulletin de renonciation à l'augmentation du capital-actions de dite société. ————————————————————————————————

Aux effets ci-dessus, passer et signer tous actes, pièces, procès-verbaux et, en général, faire tout ce qui sera nécessaire ou utile pour l'exécution du présent contrat en donnant d'ores et déjà ratification et décharge. ——————————————————————————

Attica, le                                      2015. *March 12th* —————————————

Spyros Foteinos

*Appendix 7.3.1. (e)*

# Mediterra Holdings SA
# (Mediterra Holdings AG)
# (Mediterra Holdings LTD)

Board Resolution by way of circular of Mediterra Holdings SA (Mediterra Holdings AG) (Mediterra Holdings Ltd), a company incorporated and validly existing under the laws of Switzerland and having its registered seat at Lausanne (the "Company").

WHEREAS, the Company and its shareholders have entered on [*date*] into a certain Investment and Subscription Agreement with investors according to which, and subject to the terms and conditions of that Investment and Subscription Agreement, the following persons will subscribe the following number of Preferred B registered shares of the Company:

| Name | # of Pref. B shares |
|---|---|
| Re Gotham LLC, 767 Fifth Avenue, 40th floor, C/O Lisa Somar, New York, NY 10153 | 1'339 |
| Demergon Funds SA, 28-32, Place de la Gare, L – 1616 Luxembourg, Grand Duchy of Luxembourg | 2'586 |
| Yannis Valambous, Flat 9 Greycoat House, 27 Greycoat Street, London SW1P 2QF | 1'339 |
| David Steinhardt, 104 Wooster St apt 2s, New York, NY 10012 | 223 |
| Ioannis Pipilis, 8 Hollywood Road, London, SW10 9HY, UK | 892 |
| Hellas Geniki Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | 803 |
| Tamal LLC, 40 East 80th Street, Apt 20A, New York, NY 10075 | 357 |
| Carlos Eduardo Nuñes Blandin, Calle Norte, Qta. Casa Vieja, Country Club, Caracas, Venezuela 1060 | 357 |
| Antonio Jose Gracias, 875 N. Michigan Avenue, Suite 3214, Chicago, IL 60611 | 714 |
| ███████████████████████████████████ | |
| Sarissa Capital Domestic Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | 436 |
| Nikolaos Fragkistas, 23, Yakinton Street, Palaio Psychico, Athens, Greece, 15452 | 536 |
| Nicole Sabrina Gertner, 254 Park Avenue South, Apt 7d, New York, NY 10010 | 1'428 |
| Georgios Dionysios Bekatoros, Stratigou Kallari 26-28, Athens 154 52, Greece | 1'428 |
| Miranta Patera, Em. Benaki 10, 15452 P. Psyhiko, Athens, Greece | 3'571 |
| John Galantic, 230 Stuyvesant Avenue - Rye, NY 10580 | 357 |

| | |
|---|---|
| Cepheus Hellas Investments SA, Calle 52 y Elvira Mendez, P.O. Box 0816-06805, Panama, R.P. | 714 |
| Eleni Zarakoviti Fragkista, 2, Gounari Street, Kifisia, Athens, Greece, 14561 | 535 |
| Sarissa Capital Offshore Master Fund LP, 660 Steamboat Road, 3rd Floor, Greenwich, CT 06830 | 278 |

IT IS UNANIMOUSLY RESOLVED:

1. Subject to Full Consummation, as defined in that Investment and Subscription Agreement, each of the above mentioned investor is recognized as a shareholder owning the number of Preferred B shares set forth next to its/his/her name.

2. The share register shall be updated accordingly.

This board resolution shall enter into force when signed by all members.

_____                    date: _____
Telemaque Lavidas

                                       date : _____
_____
Olivier Cherpillod

*Laurent BESSO, notaire*                                    *Projet du 27 janvier 2015*

## PROCES-VERBAL

L'AN DEUX MILLE QUINZE, ce ..., en mon Etude, ————————————

je soussigné LAURENT BESSO, notaire à Lausanne pour le canton de Vaud, ————————————————————————————————————

agissant à la réquisition du conseil d'administration de la société anonyme —————————————————————————————————————

#### ---- Mediterra Holdings SA ----

dont le siège est à Lausanne, ——————————————————————

dresse comme suit le procès-verbal de l'assemblée générale extraordinaire des actionnaires de dite société, assemblée réunie en cet instant. ——

L'assemblée est présidée par Monsieur Olivier Cherpillod, domicilié à Savigny. ———————————————————————————————

Le notaire soussigné fonctionne en qualité de secrétaire. ——————

Il n'est pas désigné de scrutateur. ——————————————

Le Président fait constater que : ——————————————

1) sur la base d'un extrait du Registre des actions faisant office de liste des présences et de 8 procurations, tous les actionnaires sont représentés, détenteurs de la totalité du capital-actions de cent vingt-huit mille cinq cent septante-deux francs suisses (CHF 128'572.00), divisé en 100'000 actions nominatives ordinaires de un franc suisse (CHF 1.00), valeur nominale chacune, et 28'572 actions nominatives privilégiées quant au produit de liquidation dites de type « A » de un franc suisse (CHF 1.00), valeur nominale chacune, entièrement libéré. ————

Il n'y a pas de représentation par un membre des organes de la société ou une personne dépendant d'elle au sens de l'article 689c du code des obligations ni par un représentant dépositaire au sens de l'article 689d du même code; ————

2) dans ces conditions et vu l'article 701 du Code des obligations, l'assemblée est régulièrement constituée. Dès lors, elle est en droit de délibérer et de statuer valablement sur les objets formant l'ordre du jour ci-dessous, aucune objection n'étant formulée. ——————————————————

**Ordre du jour** : ——————————————————————

I.    Augmentation ordinaire du capital-actions ———————————————

II.   Augmentation du capital conditionnel existant ————————————

III.  Adoption d'un capital-actions autorisé ——————————————

IV.   Modification des statuts ————————————————————

V.    Divers ——————————————————————————————

VI.   Constatations ————————————————————————

Il est dès lors immédiatement passé à l'ordre du jour : ——————————

**I. Augmentation ordinaire du capital-actions** ————————————

Le Président soumet à l'assemblée les propositions suivantes du Conseil d'administration : ——————————————————————————

1) le capital-actions sera porté de cent vingt-huit mille cinq cent septante-deux francs suisses (CHF 128'572.00) à cent quarante-sept mille sept cent cinquante et un francs suisses (CHF 147'751.00) par l'émission de : ——————————

A.  6448 nouvelles actions nominatives privilégiées quant au produit de liquidation dites de type « B » de un franc suisse (CHF 1.00), valeur nominale chacune au prix total de six mille quatre cent quarante-huit francs suisses (CHF 6'448.00) plus un agio global d'environ … dollars américains (USD …), soit la contre-valeur en francs suisses d'environ … francs suisse (CHF …), le cours pris en considération étant un dollar américain (USD 1.00) pour … (CHF …) valeur au … 2015, soit un agio d'environ … dollars américains (USD …), soit la contre-valeur en francs suisse d'environ … francs suisses (CHF …) par action. Les nouvelles actions sont soumises aux restrictions statutaires de transmissibilité. ————————————

B.  12'731 nouvelles actions nominatives privilégiées quant au produit de liquidation dites de type « B » de un franc suisse (CHF 1.00), valeur nominale chacune au prix total de douze mille sept cent trente et un francs suisses (CHF 12'731.00) plus un agio global d'environ … dollars américains (USD …), soit la contre-valeur en francs suisses d'environ … francs suisse (CHF …), le cours pris en considération étant un dollar américain (USD 1.00) pour … (CHF …) valeur au … 2015, soit un agio d'environ … dollars américains (USD …), soit la contre-valeur en francs suisse d'environ … francs suisses (CHF …) par action. Les nouvelles

2

actions sont soumises aux restrictions statutaires de transmissibilité. ————

En conséquence, l'augmentation s'élève à dix-neuf mille cent septante-neuf francs suisses (CHF 19'179.00). ————

La libération s'effectuera en espèce. ————

En conséquence, le nouveau capital-actions de cent quarante-sept mille sept cent cinquante et un francs suisses (CHF 147'751.00) est divisé en : ————

a) 100'000 actions nominatives ordinaires et soumises aux restrictions statutaires de transmissibilité de un franc suisse (CHF 1.00), valeur nominale chacune, ————

b) 28'572 actions privilégiées quant au produit de liquidation dites de type « A » de un franc suisse (CHF 1.00), valeur nominale chacune, également soumises aux restrictions statutaires de transmissibilité, et ————

c) 19'179 actions privilégiées quant au produit de liquidation dites de type « B » de un franc suisse (CHF 1.00), valeur nominale chacune, également soumises aux restrictions statutaires de transmissibilité, ————

entièrement libéré. ————

2) Lors de la souscription, le montant de l'augmentation de dix-neuf mille cent septante-neuf francs suisses (CHF 19'179.00) ainsi que l'agio total d'environ ... dollars américains (USD ...), soit la contre-valeur en francs suisses d'environ ... francs suisses (CHF ...) seront entièrement libérés en espèces. ————

3) Les actions nouvelles sont émises au prix de un franc suisse (CHF 1.00) chacune représentant leur valeur au pair plus : ————

- un agio total d'environ ... dollars américains (USD ...), soit la contre-valeur en francs suisses d'environ ... francs suisses (CHF ...) pour 6448 nouvelles actions privilégiées quant au produit de liquidation dites de type « B », et ————

- un agio total d'environ ... dollars américains (USD ...), soit la contre-valeur en francs suisses d'environ ... francs suisses (CHF ...) pour 12'731 nouvelles actions privilégiées quant au produit de liquidation dites de type « B », ————

les agios étant affecté à la réserve. ————

4) Le timbre fédéral est à la charge de la société. ————

5) Les actions nouvelles auront droit pour la première fois au dividende éventuel de l'exercice qui sera clos à la date décidée par le Conseil d'administration. ·

3

6) Les droits de souscription préférentiels des actionnaires actuels seront respectés. En cas de non exercice, les actions non souscrites seront offertes librement par le conseil d'administration. ——————————————

A l'unanimité, l'assemblée accepte ces propositions. ——————————

Conformément à l'article 654 du Code des obligations, la totalité des titulaires d'actions privilégiées dite de type « A », constituant une assemblée spéciale au sens dudit article, acceptent ces propositions. ——————————

Le Président informe ensuite l'assemblée que la décision qui vient d'être prise d'augmenter le capital, doit être exécutée par le Conseil d'administration qui en requerra l'inscription dans les 3 mois au Registre du commerce. ————————

## II. Augmentation du capital conditionnel existant ————————————

Le Président rappelle à l'assemblée qu'un capital conditionnel avait été adopté au préalable, portant sur un montant de vingt-deux mille six cent huitante-neuf francs suisses (CHF 22'689.00), soit un maximum de 22'689 actions nominatives de un franc suisse (CHF 1.00) chacune. ——————————————

Ceci exposé, le Président propose de modifier la structure du dit capital conditionnel pour prévoir désormais la possibilité d'augmenter le capital de la société par l'émission d'un maximum de 26'074 nouvelles actions nominatives de un franc suisse (CHF 1.00) chacune. ——————————

Dès lors, le capital-actions pourra être augmenté à concurrence d'un montant maximum de vingt-six mille septante-quatre francs suisses (CHF 26'074.00) par l'émission d'un maximum de 26'074 actions nominatives ordinaires d'une valeur nominale de un franc suisse (CHF 1.00) chacune, devant être intégralement libérées, par l'exercice de droits d'option accordés à certains employés, consultants ou administrateurs de la société ou de ses filiales, étant précisé qu'aucun bénéficiaire ne peut se voir attribuer au total plus de 5% du capital-actions de la société.——————————————

Le droit de souscription préférentiel des actionnaires sera exclu en ce qui concerne ces actions. ——————————————

Les conditions d'octroi des options par la société telle que les modalités et le prix d'exercice, la date à compter de laquelle les actions donnent droit au dividende, la nature des apports seront fixés par le conseil d'administration dans le cadre de règles spécifiques (telles que plans d'intéressement). Le prix d'exercice ne

4

pourra pas être inférieur à septante dollars américains (USD 70.00). Ces actions seront soumises aux restrictions prévues aux articles 7 et 8 des statuts. ——————

A l'unanimité, l'assemblée accepte ces propositions. ——————

### III. Adoption d'un capital-actions autorisé ——————

Le Président expose à l'assemblée les raisons pour lesquelles il lui est proposé d'adopter un capital-actions autorisé selon les modalités suivantes : ——————

« *Le Conseil d'administration est autorisé à augmenter le capital-actions d'un montant maximum de CHF 5'321.00, par l'émission d'un maximum de 5'321 actions nominatives privilégiées quant au produit de liquidation dites de type « B » d'une valeur nominale de CHF 1.00 chacune devant être entièrement libérées, et soumises aux restrictions statutaires de transmissibilité.* ——————

*Cette autorisation est accordée jusqu'au ... 2017.* ——————

*Le Conseil d'administration pourra procéder à cette augmentation en une ou plusieurs tranches.* ——————

*Le Conseil d'administration est autorisé à supprimer le droit de souscription préférentiel des actionnaires si les actions nouvelles sont utilisées pour l'acquisition d'entreprises, de parties d'entreprises ou de participation à une entreprise.* ——————

*Le prix d'émission, la nature des apports, la date à compter de laquelle les actions donnent droit au dividende ainsi que les conditions de l'exercice du droit de souscription préférentiel seront fixés par le Conseil d'administration.* » ——————

A l'unanimité, l'assemblée adopte cette proposition. ——————

### IV. Modification des statuts ——————

En conséquence des décisions prises aux points « II » et « III » ci-dessus, à l'introduction d'actions privilégiées quant au produit de liquidation dites de types « B », le Président propose la modification des articles 5bis, 20 et 39 des statuts et l'adjonction d'un article 5ter aux statuts, comme suit : ——————

« Article 5bis. **Capital-actions conditionnel** ——————

Le capital-actions pourra être augmenté à concurrence d'un montant maximum de CHF 26'074.00 par l'émission d'un maximum de 26'074 actions nominatives ordinaires d'une valeur nominale de CHF 1.00 chacune, devant être intégralement libérées, par l'exercice de droits d'option accordés à certains employés, consultants ou administrateurs de la société ou de ses filiales, étant

5

précisé qu'aucun bénéficiaire ne peut se voir attribuer au total plus de 5% du capital-actions de la société.

Le droit de souscription préférentiel des actionnaires sera exclu en ce qui concerne ces actions.

Les conditions d'octroi des options par la société telle que les modalités et le prix d'exercice, la date à compter de laquelle les actions donnent droit au dividende, la nature des apports seront fixés par le conseil d'administration dans le cadre de règles spécifiques (telles que plans d'intéressement). Le prix d'exercice ne pourra pas être inférieur à USD 70.00. Ces actions seront soumises aux restrictions prévues aux articles 7 et 8 ci-dessous. »

« Article 5ter. **Capital-actions autorisé**

Le Conseil d'administration est autorisé à augmenter le capital-actions d'un montant maximum de CHF 5'321.00, par l'émission d'un maximum de 5'321 actions nominatives privilégiées quant au produit de liquidation dites de type « B » d'une valeur nominale de CHF 1.00 chacune devant être entièrement libérées, et soumises aux restrictions statutaires de transmissibilité.

Cette autorisation est accordée jusqu'au … 2017.

Le Conseil d'administration pourra procéder à cette augmentation en une ou plusieurs tranches.

Le Conseil d'administration est autorisé à supprimer le droit de souscription préférentiel des actionnaires si les actions nouvelles sont utilisées pour l'acquisition d'entreprises, de parties d'entreprises ou de participation à une entreprise.

Le prix d'émission, la nature des apports, la date à compter de laquelle les actions donnent droit au dividende ainsi que les conditions de l'exercice du droit de souscription préférentiel seront fixés par le Conseil d'administration. »

« Article 20. **Délibérations**

L'assemblée générale est valablement constituée quel que soit le nombre des actionnaires présents ou représentés.

Elle prend ses décisions et procède aux élections à la majorité absolue des voix attribuées aux actions représentées.

Si un second tour de scrutin est nécessaire, la majorité relative est suffisante. En cas de partage des voix, celle du président est prépondérante lorsqu'il s'agit de décisions. Pour les élections, c'est le sort qui décide.

En général, les votations se font à main levée, les élections au scrutin secret, à moins que l'assemblée n'en décide autrement. ——————————

Une décision de l'assemblée générale recueillant au moins les deux tiers des voix attribuées aux actions émises est nécessaire pour la modification du but social. ——————————

Une décision de l'assemblée générale recueillant au moins les deux tiers des voix attribuées aux actions représentées et la majorité absolue des valeurs nominales représentées est nécessaire pour : ——————————

1. l'introduction d'actions à droit de vote privilégié, ——————————
2. l'introduction, la suppression ou la limitation de la restriction de la transmissibilité des actions nominatives, ——————————
3. l'augmentation autorisée ou conditionnelle du capital-actions, ——————
4. l'augmentation du capital-actions au moyen des fonds propres, contre apport en nature ou en vue d'une reprise de biens et l'octroi d'avantages particuliers, ——————————
5. la limitation ou la suppression du droit de souscription préférentiel, –
6. le transfert du siège de la société, ——————————
7. la dissolution de la société, ——————————
8. la conversion des actions nominatives en actions au porteur. ————

La suppression ou la modification des privilèges accordés aux détenteurs d'actions privilégiées ne peuvent pas s'effectuer sans l'accord de tous les actionnaires concernés, les dispositions de l'article 654 du Code des obligations demeurent réservées. » ——————————

« Article 39. **Pouvoirs des liquidateurs - répartition** ——————————

Pendant la liquidation, les pouvoirs des organes sociaux sont restreints aux actes qui sont nécessaires à cette opération et qui, de par leur nature, ne sont point du ressort des liquidateurs. ——————————

L'assemblée générale des actionnaires conserve le droit d'approuver les comptes de la liquidation et d'en donner décharge. ——————————

Les actions nominatives privilégiées dites de types « B » sont privilégiées quant au produit de liquidation, en ce sens qu'en cas de liquidation, les actionnaires titulaires d'actions nominatives privilégiées dites de type « B » auront droit, préalablement à toute distribution aux autres actionnaires, à une part privilégiée du produit de liquidation équivalent à la totalité des versements opérés

7

par les actionnaires titulaires d'actions nominatives privilégiées dites de type « B » pour la souscription desdites actions, prime d'émission comprise, moins les dividendes perçus. Si des versements ont été effectués en monnaie étrangère, le cours moyen du jour de l'exécution de l'augmentation du capital-actions ayant donné lieu aux présents privilèges sera retenu. L'excédent éventuel du produit de liquidation sera réparti exclusivement entre les actionnaires titulaires d'actions nominatives privilégiées dites de types « A » et d'actions nominatives ordinaires, en respectant les privilèges des actions nominatives privilégiées dites de types « A ». —

Les actions nominatives privilégiées dites de types « A » sont privilégiées quant au produit de liquidation, en ce sens qu'en cas de liquidation, les actionnaires titulaires d'actions nominatives privilégiées dites de type « A » auront droit, après distribution aux actionnaires titulaires d'actions nominatives privilégiées dites de types « B » conformément au paragraphe précédent, mais préalablement à toute distribution aux autres actionnaires, à une part privilégiée du produit de liquidation équivalent à la totalité des versements opérés par les actionnaires titulaires d'actions nominatives privilégiées dites de types « A » pour la souscription desdites actions, prime d'émission comprise, moins les dividendes perçus. Si des versements ont été effectués en monnaie étrangère, le cours moyen du jour de l'exécution de l'augmentation du capital-actions ayant donné lieu aux présents privilèges sera retenu. L'excédent éventuel du produit de liquidation sera réparti exclusivement entre les actionnaires titulaires d'actions nominatives ordinaires, en proportion du nombre d'actions nominatives ordinaires détenues. » ————————

A l'exception des articles 5bis, 5ter et 20, les autres modifications sont soumises à la condition de l'introduction d'actions privilégiées quant au bénéfice de liquidation dites de types « B » telles que mentionnées ci-dessus. ————————

A l'unanimité, l'assemblée accepte ces propositions ainsi que les traductions en langue anglaise des modifications qui en résultent. ————————

En conséquence, le texte des nouveaux statuts sera annexé au procès-verbal du Conseil d'administration qui suivra la présente assemblée et qui constatera l'augmentation du capital-actions mentionnée ci-dessus. ————————

**V. Divers** ————————————————————————————————

Le Conseil d'administration reçoit tous pouvoirs nécessaires pour exécuter les décisions d'augmentation qui précèdent, en particulier pour procéder à la modification statutaire en résultant. ————————

8

**VI. Constatations** ————————————————————

Le notaire atteste que la liste des présences, les procurations et les statuts modifiés comme mentionné ci-dessus lui ont été soumis ainsi qu'à l'assemblée. ————————————————————

L'ordre du jour étant épuisé et personne ne demandant plus la parole, l'assemblée demeurée universelle jusqu'à son terme est levée et le présent procès-verbal est clos, après avoir été lu et approuvé par les signatures du Président et du notaire, les an, mois et jour ci-dessus, à Lausanne. ————————————————————

31

**Representations and Warranties of Company and of Founder Shareholder**

**1.    Capacity and Title of Founder Shareholder**

**1.1    Authority/Ownership**

The Company and the Founder Shareholder have the unrestricted right and authority to enter into this Agreement and to perform all undertakings under or in connection with this Agreement. This Agreement constitutes a valid, legal and binding obligation of the Company and of the Founder Shareholder, enforceable against the Company and the Founder in accordance with its terms. The Company and the Founder Shareholder are neither over-indebted (*überschuldet; surendetté*), nor insolvent (*insolvent; insolvable*), nor unable to pay their debts as they fall due (*illiquid; non liquide*) and there are no circumstances that indicate any over-indebtedness or insolvency or illiquidity of the Company or the Founder Shareholder in the foreseeable future.

**1.2    Execution and Performance**

The execution and the performance of this Agreement by the Company and the Founder Shareholder have been authorized by all necessary, if applicable, corporate action of the Company or the Founder Shareholder and it will not:

(a)    result in a breach of any provision of the constitutional documents, such as the articles of incorporation or Board Regulations, if any, of the Founder or of the Company; or

(b)    result in a breach, or default under, any term or provision of any agreement, license or other instrument or of any order, judgment or decree of any court, governmental agency or regulatory body to which the Company or the Founder Shareholder is a party or by which the Founder Shareholder, the Company or the Subsidiary is bound, if any.

**1.3    No Consents Required**

Neither the Company nor the Founder Shareholder do require any notice, consent, waiver, approval or clearance by any governmental agency or regulatory body of any nature or any other person other than mentioned in this Agreement to enter into this Agreement and to consummate the transactions contemplated by this Agreement. There are no proceedings or investigations whatsoever pending or threatened against the Founder Shareholder or the Company that could compromise the consummation of the transactions contemplated by this Agreement.

**1.4    Ownership of Founder Shares**

The Founder Shareholder is the legal and beneficial owner of the 99,000 ordinary shares, free and clear of any Encumbrance.

**1.5    Incorporation and Authority**

The Company is a corporation duly incorporated and validly existing under the laws of Switzerland. The Company has the full corporate power and authority to own its property and assets and to carry on its Business as to be conducted. The articles of incorporation and the excerpt of the commercial register relating to the Company contained in **Schedule 1.5 (a)** are complete and correct and reflect the current factual and legal circumstances of the Company.

There are no further applications to the commercial register that are not (yet) reflected in the documents attached in **Schedule 1.5 (a)**. There is no further or more extensive authority to sign on behalf of the Company than those set forth in **Schedule 1.5 (a)**.

The Subsidiary is a corporation duly incorporated and validly existing under the laws of Delaware. The Company has the full corporate power and authority to own its property and assets and to carry on its business as to be conducted. The corporate documents relating to the Subsidiary contained in **Schedule 1.5 (b)** are complete and correct and reflect the current factual and legal circumstances of the Company. There are no further applications to the commercial register that are not (yet) reflected in the documents attached in **Schedule 1.5 (b)**. There is no further or more extensive authority to sign on behalf of the Company than those set forth in **Schedule 1.5 (b)**.

### 1.6    No Dissolution, Bankruptcy or Insolvency

No measures have been taken for the dissolution and liquidation or declaration of bankruptcy of the Company and/or of the Subsidiary. In particular:

(a)    No order has been made, petition presented, resolution passed or meeting convened for the winding up (or other process whereby the Business is terminated and the assets of the Company and/or of the Subsidiary are distributed amongst the creditors and/or shareholders or other contributors) of the Company (and/or of the Subsidiary as the case may be) and there are no cases or proceedings under applicable insolvency, bankruptcy, composition, moratorium, reorganization, or similar laws and no events have occurred which would justify any such case or proceedings.

(b)    No receiver (including an administrative receiver), liquidator, administrator, commissioner or similar official has been appointed in respect of the Company and/or of the Subsidiary and no step has been taken for or with a view to the appointment of such a person.

(c)    None of the Company and of the Subsidiary is neither over-indebted (*überschuldet; surendettée*), nor insolvent (*insolvent; insolvable*) nor unable to pay its debts as they fall due (*illiquid; non liquide*).

### 1.7    Capital Structure and Existing Shares

The Company has an issued statutory share capital in the nominal amount of CHF 128,572.-, divided into 100,000 common shares (*Stammaktien; actions ordinaires*) with a nominal value of CHF 1.- per share and 28,572 Preferred A Shares (*Vorzugsaktien; actions privilégiées*) with a nominal value of CHF 1.- per share, each fully paid-in. The Existing Shares have been validly issued and are fully paid up and constitute the entire issued share capital of the Company. The Preferred B Shares, if issued in accordance with the Investment and Subscription Agreement, will be validly issued and fully paid-up. No rights, contracts, commitments or derivative instruments are outstanding that could require the Company to sell, transfer or issue any of its capital stock, except options granted under the Stock Plan. No shares or share certificates have ever been issued by the Company.

The Company owns the entire outstanding share capital of the Subsidiary and no third party has any right to acquire or to be granted or issued any share in the Subsidiary.

**1.8    Execution and Performance**

The execution and the performance by the Company of its obligations under this Agreement and the consummation of the transactions contemplated by this Agreement will not:

(a)    result in a breach of any provision of the constitutional documents, such as the articles of incorporation or Board Regulations, if any, of the Company and/or of the Subsidiary; or

(b)    result in a breach, or default under, any term or provision of any agreement, license or other instrument or of any order, judgment or decree of any court, governmental agency or regulatory body to which the Company is a party or by which the Company and/or of the Subsidiary is bound, if any.

**1.9    Subsidiaries**

Company owns 100% of the issued shares of the Subsidiary. The Company has no other subsidiaries.

**1.10    Existing business**

Both the Company and the Subsidiary have been incorporated in July 2013 and have started a full new business. Neither the Company nor the Subsidiary has taken over, or committed to take over, existing activities or an existing business. All liabilities incurred by the Company and/or the Subsidiary prior to Closing Date are related to the set-up of the business and are in the ordinary course of business.

**2.    Compliance with Laws and Regulations**

There is no investigation or enquiry by, or order, decree, decision or judgment of, any court, tribunal, arbitrator, governmental agency or regulatory body regarding any matter against the Company and/or of the Subsidiary, or any person for whose acts or defaults the Company and/or of the Subsidiary may be liable, nor is there any notice or other communication (official or otherwise) from any court, tribunal, arbitrator, governmental agency or regulatory body with respect to an alleged violation and/or failure to comply with any such applicable law, regulation, by-laws or constitutional documents, or requiring them to take or omit any action. In particular, the Board and the Company's management are aware of the Swiss Corruption Penal Code, and especially among others, of article 102 and article 322ter et seqq. of the Swiss Penal Code in connection with article 4a of the Federal Law Against Unfair Competition and article 59 of the Swiss Federal Tax Law concerning the Direct Federal Income Taxes.

**3.    Intellectual Property**

(a)    All Business IP is listed in **Schedule 3(a)** and is (or, where appropriate in the case of pending applications will be):

(aa)    legally and beneficially owned by the Company or lawfully used with the consent of the owner under a license;

(bb)    not subject to any Encumbrance or any license in favor of another;

(cc)    in the case of rights in such Intellectual Property as are registered or the subject of applications for registration, including without limitation the Business IP listed in **Schedule 3(a)**, are validly registered or applied for in the name of

the Company, or under transfer or assignment by the Founder Shareholder to the Company, and all registration or renewal fees which are due have been paid and all steps which are required for their registration, maintenance and protection have been taken; and

(dd)    in the case of Intellectual Property related to software developed for use with the Company's products, is fully and solely owned by the Company and the Company has the right to sell or distribute such software without restriction.

(b)    To the Founder Shareholder's knowledge, no product or service proposed to be marketed or sold by the Company and/or the Subsidiary will violate any license or infringe any intellectual property rights of any other party. Without prejudice to the foregoing, the Company has not (except as consistent with the ordinary course of business):

(aa)    granted any licenses in respect of any Intellectual Property required by the Business;

(bb)    entered into any charge, mortgage or other Encumbrance in relation to the Intellectual Property required by the Business.

(c)    The Company and the Subsidiary have taken all measures to maintain the confidentiality of its trade secrets and know-how.

35

Appendix 9.2

## Representations, Warranties, Covenants and Acknowledgements of Series B Investors

**1.    Capacity of Series B Investors**

**1.1    Authority**

Each of the Series B Investors has the unrestricted right and authority to enter into this Agreement and to perform all undertakings under or in connection with this Agreement. This Agreement constitutes a valid, legal and binding obligation of the Series B Investors, enforceable against the Series B Investors in accordance with its terms. Neither of the Series B Investors is over-indebted (*überschuldet; surendetté*), insolvent (*insolvent; insolvable*) or unable to pay its debts as they fall due (*illiquid; non liquide*) and there are no circumstances that indicate any over-indebtedness or insolvency or illiquidity of the Series B Investors in the foreseeable future.

**1.2    Execution and Performance**

The execution and the performance of this Agreement by the Series B Investors have been authorized by all necessary corporate action, if any, of each of the Series B Investors and it will not:

(a)    result in a breach of any provision of the constitutional documents, such as the articles of incorporation or board regulations, of any of the Series B Investors; or

(b)    result in a breach, or default under, any term or provision of any agreement, license or other instrument or of any order, judgment or decree of any court, governmental agency or regulatory body to which any of the Series B Investors is a party or by which any of the Series B Investors is bound.

**1.3    No Consents Required**

None of the Series B Investors requires any notice, consent, waiver, approval or clearance by any governmental agency or regulatory body of any nature other than mentioned in this Agreement to enter into this Agreement and to consummate the transactions contemplated by this Agreement. There are no proceedings or investigations whatsoever pending or threatened against any of the Series B Investors that could compromise the consummation of the transactions contemplated by this Agreement.

36

2.      **Purchase for Own Account**

The Preferred B Shares are being purchased for Series B Investor's own account, or the account of an Affiliate of said Series B Investor, for long-term investment purposes and not for the interest of any other person or for resale, distribution or transfer to others.

3.      **High Degree of Risk**

Series B Investor understands and acknowledges that the Preferred B Shares involve a high degree of risk which may result in the complete loss of Series B Investor's investment in the Preferred B Shares. Risks include, but are not limited to, uncertainties as to the demand for the Company's products or services and the lack of any established market for the Preferred B Shares.

4.      **Limitations on Disposition**

Series B Investor shall not make any disposition of any Preferred B Shares except in compliance with the terms of the Shareholders Agreement.

5.      **Ownership of Existing Shares**

The Series A Investors are the legal and beneficial owners of such number of Preferred A Shares appearing next to their respective name in Appendix **5**, free and clear of any Encumbrance, it being expressly specified that such representation and warranty is made only by the Series A Investors, to the exclusion of Series B Investors 1 to 12.

37

Appendix 9.3

## Representations and Warranties of Other Shareholder

### 1.    Capacity and Title of Other Shareholder

#### 1.1    Authority/Ownership

The Other Shareholder has the unrestricted right and authority to enter into this Agreement and to perform all undertakings under or in connection with this Agreement. This Agreement constitutes a valid, legal and binding obligation of the Other Shareholder, enforceable against him in accordance with its terms. The Other Shareholder is neither over-indebted (*überschuldet; surendetté*), nor insolvent (*insolvent; insolvable*), nor unable to pay his debts as they fall due (*illiquid; non liquide*) and there are no circumstances that indicate any over-indebtedness or insolvency or illiquidity of the Other Shareholder in the foreseeable future.

#### 1.2    Execution and Performance

The execution and the performance of this Agreement by the Other Shareholder will not result in a breach, or default under, any term or provision of any agreement, license or other instrument or of any order, judgment or decree of any court, governmental agency or regulatory body to which the Other Shareholder is a party or by which the Other Shareholder is bound, if any.

#### 1.3    No Consents Required

The Other Shareholder does not require any notice, consent, waiver, approval or clearance by any governmental agency or regulatory body of any nature or any other person other than mentioned in this Agreement to enter into this Agreement and to consummate the transactions contemplated by this Agreement. There are no proceedings or investigations whatsoever pending or threatened against the Other Shareholder that could compromise the consummation of the transactions contemplated by this Agreement.

#### 1.4    Ownership of Existing Shares

The Other Shareholder is the legal and beneficial owner of such number and type of Shares appearing next to his name in Appendix 5, free and clear of any Encumbrance.