UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 19-CR-00716 (DLC) |
| | : | |
| TELEMAQUE LAVIDAS, | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TELEMAQUE LAVIDAS'S MOTION TO DISMISS COUNTS SIX AND SEVEN OF THE INDICTMENT AS TIME BARRED**

## INTRODUCTION

Defendant Telemaque Lavidas ("Defendant" or "Mr. Lavidas") respectfully submits this memorandum in support of his motion to dismiss the allegations of wire fraud in Counts Six and Seven of the Indictment as time-barred.

The conduct alleged in Counts Six and Seven of the Indictment is outdated. Counts Six and Seven of the Indictment charge instances of wire fraud occurring in October 2013 and November/December 2013. Both of these occurrences fall well outside the five-year statute of limitations period applicable for the substantive offense of wire fraud. The "irrebuttable presumption" when an indictment is based on such outdated conduct is that a "defendant's right to a fair trial would be prejudiced." *See United States v. Marion*, 404 U.S. 307, 322 (1971). As such, because the allegations of wire fraud in Counts Six and Seven of the Indictment are deficient on their face, these counts should be dismissed as time-barred.

## STATEMENT OF FACTS

The charges brought against Mr. Lavidas in this case are set forth in an indictment filed on October 7, 2019 ("Indictment").  [Dkt. # 2].  The Indictment charges Mr. Lavidas with one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (Count One), one count of conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. §1349 (Count Two), three counts of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff (Counts Three-Five), three counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts Six-Eight), and one count of securities fraud, in violation of 18 U.S.C. § 1348 (Count Nine).

Counts Six and Seven of the Indictment charge Mr. Lavidas with wire fraud "[i]n or about October 2013" and "[i]n or about November and December 2013," respectively.  [Dkt. #2]

## STATEMENT OF LAW

The statute of limitations applicable to the wire fraud counts charged against Mr. Lavidas, 18 U.S.C. § 3282(a), provides that

> [N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

*See generally United States v. Kerik*, 615 F. Supp. 2d 256, 268 (S.D.N.Y. 2009) (noting that "five-year statute of limitations period applies to the substantive counts of mail and wire fraud").  An indictment is "found," for the purposes of tolling the statute of limitations under § 3282, when it is "returned by the grand jury and filed."  *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987).

## ARGUMENT

I.      **Counts Six and Seven of the Indictment Against Mr. Lavidas Should be Dismissed As Time-Barred Because the Charged Conduct Falls Outside the Applicable Statute of Limitations**

None of the relevant conduct alleged in Counts Six and Seven in the Indictment is within the applicable statute of limitations period.  Wire fraud carries a five-year statute of limitations, unless the government alleges and can demonstrate that the defendant's actions "affect[ed] a financial institution." 18 U.S.C. §§ 3282, 3293(2).   The government does not allege in the Indictment, nor could it, that the defendant's actions "affect[ed] a financial institution."  Therefore, to fall within the applicable statute of limitations period for wire fraud, the government must specify a fraudulent wire communication that took place within the five years prior to the filing of the Indictment on October 7, 2019.  Counts Six and Seven of the Indictment do not.  Count Six is based on a transaction that occurred in October 2013, and Count Seven is based on a transaction that occurred in November/December 2013.  Each of these transactions specified in the Indictment, therefore, is time-barred, and Counts Six and Seven of the Indictment are deficient on their face and should be dismissed.

## CONCLUSION

For the foregoing reasons, Counts Six and Seven of the Indictment should be dismissed as time-barred.

Dated: New York, New York
      November 22, 2019                                   Respectfully submitted,


                                              /s/ Eric H. Sussman
                                              Eric H. Sussman
                                              Jennifer L. Achilles
                                              Reed Smith LLP
                                              599 Lexington Ave., Floor 22

- 4 -

New York, NY 10022
Telephone: (212) 521-5400

Jonathan R. Streeter
Dechert LLP
Three Bryant Park, 1095 Avenue of the
Americas
New York, NY 10036-6797
Telephone (212) 698-3599

Counsel for Defendant Telemaque Lavidas

- 5 -

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 22nd day of November, 2019, I electronically filed this Memorandum of Law in Support of Defendant Telemaque Lavidas's Motion to Dismiss, using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.


*/s/* **Eric H. Sussman**
**Eric H. Sussman**

***Attorney for Defendant Telemaque Lavidas***