UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) Case No.: 19-cr-00716 (DLC) |
| GEORGIOS NIKAS et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF JONATHAN R. STREETER

Jonathan R. Streeter, an attorney duly licensed to practice in the State of New York and before this Court, declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I represent Telemaque Lavidas, a defendant in the above-captioned matter.

2. I make this declaration, pursuant to Local Criminal Rule 16.1, in support of Mr. Lavidas's motion for disclosure of grand jury minutes and *Brady* material in this proceeding. I further submit this declaration to provide the certification required pursuant to Local Criminal Rule 16.1.

3. In a discovery letter dated Thursday, November 21, 2019, the Government revealed, for the first time, that it possessed material that is exculpatory of Mr. Lavidas. Specifically, the Government stated:

> We wish to advise you that records provided to the Government by Investment Bank B, as identified in the Indictment in this case in connection with the Corporate Acquisitions Insider Trading Scheme, reflect that the individual identified in the Indictment as CC-2 accessed files relating to Baxalta on the computer systems of Investment Bank B on approximately twelve occasions, from approximately April 2015 through July 2015. Those records reflect that on or about July 27, 2015, CC-2 accessed files relating to Baxalta's potential acquisition of Ariad on the computer systems of Investment Bank B.

(November 21, 2019 Letter from R. Cooper to defense counsel, attached hereto as Ex. A).

4. Several hours after receiving this correspondence disclosing *Brady* material, the defense sent a letter to the Government requesting the records referred to in the Government's discovery letter. The defense also requested that the Government "immediately produce any other documents in the government's custody related to CC-2, Investment Bank-B or Baxalta." (November 21, 2019 Letter from J. Streeter to R. Cooper and D. Tracer, attached hereto as Ex. B).

5. The Government responded early that evening by providing "records referred to in our discovery letter of today." █████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████

6. On November 26, 2019, after receiving no further information related to the government's November 21, 2019 *Brady* disclosure, the defense requested immediate production of:

> FBI memos, grand jury testimony and other documents in the government's custody containing the statements of: 1) ███████████████; 2) the government agent(s) who testified in the grand jury in this matter; and 3) any other witness who describes the workings, participants and history of the "Corporate Acquisition Insider Trading Scheme" explained in the Indictment of this matter, and in the indictments of Darina Windsor, Benjamin Taylor, Joseph El-Khouri and Bryan Cohen.

Defense counsel explained that since the Government would be producing these statements as impeachment material under *Giglio v. United States* prior to trial in just a few weeks, there could be no justification for delaying the defense's access to this *Brady* material. Defense counsel

further explained that it needs this information immediately so that it can perform effective investigation of the Corporate Acquisitions Insider Trading Scheme and make use of this material and any facts learned from it at trial. (November 26, 2019 Letter from J. Streeter to R. Cooper and D. Tracer, attached hereto as Ex. D).

7. The Government responded to defense counsel's letter later that day. Instead of providing the requested materials, ████████████████████████████████████ ████████████████████████████████████ (November 26, 2019 letter from R. Cooper and D. Tracer to defense counsel, attached hereto as Ex. E).

8. The Government has also recently provided the defense a hard drive containing almost 400,000 pages of documents from ████████████ (November 27, 2019 letter from R. Cooper and D. Tracer to defense counsel, attached hereto as Ex. F).

9. In addition, and in response to defense counsel's November 18, 2019 request for particulars, the Government has provided two proposed stipulations. One of these stipulations lists voluminous trading records the Government proposes to enter into evidence at trial. (Proposed Stipulation attached hereto as Ex. G).

10. To date, the Government has declined to provide defense counsel with the requested witness statements.

11. I have conferred with the Government in an effort in good faith to resolve by agreement the issues raised by our motion without the intervention of the court and have been unable to reach such an agreement.

Dated: New York, New York
       November 29, 2019

Respectfully submitted,

DECHERT LLP

By: /s/ Jonathan R. Streeter
Jonathan R. Streeter
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
Jonathan.streeter@dechert.com
Tel.: (212) 698-3826
Fax: (212) 314-0046

*Attorney for Defendant*
*Telemaque Lavidas*