UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- x
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
              v.                             :   Case No. 19-cr-00716 (DLC)
                                             :
GEORGIOS NIKAS et al.,                       :
                                             :
              Defendants.                    :
                                             :
                                             :
-------------------------------------------- x


**DEFENDANT TELEMAQUE LAVIDAS'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE SEIZED ATTORNEY-CLIENT PRIVILEGED MATERIALS**

**PRELIMINARY STATEMENT**

Telemaque Lavidas moves to preclude the Government from offering, eliciting or referencing in any way documents protected by the attorney-client and work-product privileges that the government seized from his email account, cell phone, and computer. On or about March 1, 2017, the Government seized tens-of-thousands of emails from an email account used by Mr. Lavidas and set up by a company called Mediterra. Mr. Lavidas was Mediterra's founder and Chief Operating Officer, and used that account to conduct personal and business-related activities for Mediterra. Despite knowing that there were almost certainly attorney-client communications involving Mr. Lavidas and his business in the seized email, the Government failed to set up a taint team or perform even a cursory review to segregate privileged material. Instead, the Government simply reviewed hundreds of attorney-client emails to and from Reed Smith and other attorneys which it eventually produced to the defense in discovery mixed in with the general population of seized documents.

The Government's cavalier attitude toward the attorney-client privilege in this case cannot be condoned. Nor should the Government's violation of the privilege be rewarded by allowing the Government to use these materials in its case against Mr. Lavidas. The law is clear that the Government is not entitled to rely on privileged information contained in the materials seized from Mr. Lavidas. The privilege belongs solely to Mr. Lavidas (and Mediterra), and it will be up to Mr. Lavidas whether to waive the privilege with respect to any of these seized documents.

**STATEMENT OF FACTS**

On March 1, 2017, Magistrate Judge Sarah Netburn signed a warrant allowing the collection of the Google-based email account "tlavidas@mediterranutrition.com". *See* Declaration of Eric H. Sussman dated December 11, 2019 ("Sussman Decl."), Exhibit 1, Warrant

for Seizure of Email Account and attached affidavit.  In the agent affidavit in support of the application for a search warrant, the Government acknowledges that Mr. Lavidas's email account had been used to arrange an investment by Nikas's wife, Miranda Patera,[1] "in LAVIDAS's company, Mediterra Inc.,[2] around March 2015 through a Swiss holding company called Mediterra Holdings SA." *Id*., Affidavit at 11.  The affidavit goes on to quote at length from an email to Ms. Patera from Mr. Lavidas where he explains that his ***"attorneys"*** will prepare a full subscription package for each investor in Mediterra.  *Id.* at 12 (emphasis added).  In the same long quotation cited by the affidavit, Mr. Lavidas identifies both the Swiss lawyer, Olivier Cherpillod, and Swiss law firm, Lexartis Avocats, assisting in the Mediterra transaction.  *Id*.  Thus, not only was the Government clearly aware that Mr. Lavidas used multiple attorneys to advise Mediterra, it was also aware of the name of one of those lawyers and his law firm's name.

As part of its Rule 16 discovery in this case, the Government produced the material seized from Mr. Lavidas's Mediterra email account.  This material was contained within the government's first and second productions of documents, and labeled with bates stamps USAO_SDNY_000019531-000019905 and USAO_SDNY_000049630-000049651.  *See* Sussman Decl., Exhibit 5, Production Letters from AUSA Richard Cooper dated October 25, 2019 and October 31, 2019.

---

[1] As previously discussed in Mr. Lavidas's bail application, Ms. Patera is independently wealthy (her family has a well-known shipping company in Greece).

[2] As previously discussed in Mr. Lavidas's bail application, Mediterra sold health food bars in many national and well known chains such as Whole Foods, Target, Kroger, Publix, Meijer, and QVC.  *See* Sussman Decl., Exhibit 2 (Contract with Next Level Solutions to sell product through Kroger, Public, Meijer, Target, and Whole Foods).  Mediterra products were featured on Oprah's website, *see* Sussman Decl., Exhibit 3, and in a national digital magazine popular with young adults called Refinery 29, s*ee* Sussman Decl., Exhibit 4, and in a March 2015 issue of Shape Magazine.

Additional materials from Mr. Lavidas's Mediterra account stored on his cell phone and laptop computer were provided to the defense. On October 17, 2019, Magistrate Judge Stewart D. Aaron signed a warrant allowing the seizure of a number of electronic devices from George Nikas's apartment, including a laptop belonging to Mr. Lavidas. *See* Sussman Decl., Exhibit 6, Application for a Search and Seizure Warrant, along with attached Agent Affidavit. On October 16, 2019, Magistrate Judge Aaron also signed a warrant for the seizure of Mr. Lavidas's cell phone. *See* Sussman Decl., Exhibit 7, Application for a Search and Seizure Warrant, along with attached Agent Affidavit. These materials were contained within the government's fourth production of documents, and labeled with bates stamps USAO_SDNY_000126788_000126793. *See* Sussman Decl., Exhibit 8, Production Letter from AUSA Richard Cooper dated November 7, 2019.

Contained within those productions are an enormous number of privileged documents and communications. For example, the Government's production includes emails from over twenty three different lawyers, seven separate law firms and an in-house legal counsel for Mediterra. A cursory review by the defense team reveals that there were more than ***400 documents*** that hit on the term "Reed Smith," and more than ***8,000 documents*** that hit on search terms related to the other counsel associated with Mr. Lavidas and Mediterra, including:

**Ladas & Parry LLP (ladas.com):**
Gerri De Luca
Jay A. Bondell
Kim Patella

**Lexartisavocats (lexartis.ch)**
Cédric Sarbach
Cynda Schuetz
David Perlotto
Fabienne Jan
Jean-Michel Clerc
Jonathan Haefliger
Katia Decoppet
Olivier Cherpillod

- 4 -

> Vincent Siegenthaler
>
> **Reed Smith LLP:**
> David M. Hryck
> Hernan Gonzalez Moneta
> John P. Feldman
> Kenneth M. Siegel
> Michael J. Venditto
> Sonya D. Manzano
>
> **Scott Segal law firm:**
> Scott Segal
>
> **The Law Offices of Lawrence Israeloff, PLLC (israelofflawcpa.com)**
> Lawrence Israeloff

These documents contain privileged communications including legal advice from the law firms and lawyers advising Mr. Lavidas on Mediterra and other family-related business concerns.

As described above, despite being fully aware that Mr. Lavidas's Mediterra email would contain numerous documents seeking legal advice, there is no indication that the Government performed even a cursory privilege review of the seized documents, segregated these materials in any way, or set up a taint team.  When these documents were produced, they were mixed into the general population of seized documents.  Thus, it cannot be disputed that the Government seized and either recklessly or intentionally reviewed materials that were obviously privileged, without any attempt to respect the attorney-client privilege rights of Mr. Lavidas or Mediterra.

## ARGUMENT

### I.     Privileged Information Improperly Obtained During a Search Must Be Suppressed

If the government obtains privileged information during a search, intentionally or inadvertently, that information must be suppressed.  "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law.  Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote

broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). "Indisputably, when the Government obtains access to a defendant's email account, the Government is not entitled to rely on privileged materials contained therein." *United States v. Patel*, No. 16-CR-798 (KBF), 2017 WL 3394607, at *6 (S.D.N.Y. Aug. 8, 2017). *See also United States v. Metter*, 860 F. Supp. 2d 205, 216 (E.D.N.Y. 2012) (government seizure and retention of electronic devices containing privileged information warranted suppression); *United States v. Kaplan*, No. 02 CR. 883 (DAB), 2003 WL 22880914, at *9 (S.D.N.Y. Dec. 5, 2003) (granting a motion to suppress seized privileged information not covered by crime-fraud exception).

As described above, the proper remedy for a government violation of the attorney-client privilege is to preclude the government from offering, eliciting or referencing in any way privileged documents and information at trial. *United States v. Lumiere*, No. 16 CR. 483, 2016 WL 7188149, at *6 (S.D.N.Y. Nov. 29, 2016). Since there can be little dispute here that the Government seized and reviewed Mr. Lavidas's Mediterra email account as well as his electronic devices without conducting a privilege review, an order directing such preclusion is warranted in this case.

While the Government should be precluded from using these materials at trial, the defense explicitly reserves its rights to waive the privilege on any of these materials at a later date and offer them as it sees fit. The Government's disregard for the attorney-client privilege should not, and cannot, be used to bar the defense from using these materials so long as it provides proper notice to the Government and agrees to waive the relevant privilege.

## **CONCLUSION**

For all of the reasons described above, this Court should preclude the Government from offering, eliciting or referencing in any way documents protected by the attorney-client and work-product privileges that the government seized from Mr. Lavidas's Mediterra email account, cell phone, and computer.

Dated:  December 11, 2019                                            Respectfully submitted,


/s/ Eric H. Sussman

Eric H. Sussman
Jennifer L. Achilles
REED SMITH LLP
599 Lexington Ave., Fl. 22
New York, NY 10022
(212) 521-5400
esussman@reedsmith.com
jachilles@reedsmith.com

Jonathan R. Streeter
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036-6797
 (212) 698-3599
Jonathan.streeter@dechert.com


*Counsel for Defendant Telemaque Lavidas*

- 8 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 11th day of December, 2019, I electronically filed this Memorandum of Law in Support of Defendant Telemaque Lavidas's Motion in Limine to Exclude Seized Attorney-Client Privileged Materials, along with the accompanying Notice of Motion and the exhibits annexed thereto, using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Eric H. Sussman
Eric H. Sussman

*Attorney for Defendant Telemaque Lavidas*