# EXHIBIT S



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 14, 2018

A. John Pappalardo
Greenberg Traurig LLP
One International Place
Suite 2000
Boston, MA  02110

Re:    **John Dodelande**

Dear Mr. Pappalardo:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will not criminally prosecute John Dodelande for any crimes (except for criminal tax violations, if any, as to which this Office cannot and does not make any agreement) related to (a) his participation in a scheme, from approximately 2012 to 2018, to obtain material non-public information ("MNPI") from insiders at financial institutions, including investment banks, and to pass that MNPI on to others, in exchange for cash and other benefits, so that those individuals and others could execute profitable securities transactions based on that MNPI, and (b) his initial false denial of his involvement in this scheme when questioned by Special Agents of the Federal Bureau of Investigation in 2017, to the extent Dodelande has disclosed such conduct to this Office as of the date of this Agreement.

Moreover, if Dodelande fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution.  This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that Dodelande (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office, including foreign law enforcement agencies designated by this Office, provided that such foreign law enforcement agencies agree to be bound by the terms of this Agreement; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he

04.26.2015

3605-15
Dodelande, John

has committed, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and (g) shall commit no crimes whatsoever. Moreover, any assistance Dodelande may provide to law enforcement authorities, in this jurisdiction or others, shall be pursuant to the specific instructions and control of this Office. Further, any meeting with a foreign law enforcement agency will occur in the United States, unless another location is expressly agreed to by this Office.

As a result of the conduct described in this Agreement, Dodelande agrees that he will pay and forfeit to the United States a sum of United States currency constituting all proceeds of his criminal activity (the "Forfeiture Amount"). Dodelande agrees that all payments towards the Forfeiture Amount shall be treated as proceeds of the insider-trading scheme described herein, agrees to the civil and/or administrative forfeiture of such payments, and agrees that this Agreement may be attached to, and incorporated into, any civil forfeiture complaint filed by this Office with respect to such payments. Dodelande relinquishes any and all claims to any funds paid to United States authorities with respect to the Forfeiture Amount, and agrees to execute any such documents as are necessary to accomplish the forfeiture of such funds. Dodelande further agrees that he shall not file, or assist in filing, any petitions for remission, restoration, or make, or assist in making, any other assertion of ownership or request for return relating to funds forfeited pursuant to this Agreement. Dodelande also waives all rights to service or notice of any civil forfeiture complaint or administrative forfeiture proceeding with respect to such funds.

It is understood that, should Dodelande commit any crimes subsequent to the date of signing of this Agreement, or should the Government determine that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Dodelande shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Dodelande, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that if the Government has determined that Dodelande has committed any crime after signing this Agreement or has given false, incomplete, or misleading testimony or information, or has otherwise violated any provision of this Agreement, (a) all statements made by Dodelande to this Office or other designated law enforcement agents, and any testimony given by Dodelande before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Dodelande; and (b) Dodelande shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

04.26.2015

It is further understood that this Agreement does not bind any federal, state or local prosecuting authority other than this Office.  This Office will, however, bring the cooperation of Dodelande to the attention of other prosecuting offices, if requested by Dodelande.

Nor does this Agreement bind the Bureau of Immigration and Customs Enforcement ("ICE"), although this Office will bring the cooperation of Dodelande to the attention of ICE if requested by Dodelande.

[Additional Text on Following Page]

04.26.2015

With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between this Office and Dodelande.   No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Very truly yours,

ROBERT KHUZAMI
Acting United States Attorney

By: _____

Brooke E. Cucinella
Richard Cooper
Assistant United States Attorneys
(212) 637-2477/1027

Mark Germann
Special Assistant United States Attorney
(212) 637-6524

APPROVED:

_____
LISA ZORNBERG
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____          _____
John Dodelande                   Date

APPROVED:

_____          _____
A. John Pappalardo               Date
Attorney for John Dodelande

04.26.2015

Page 4

With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between this Office and Dodelande.  No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Very truly yours,

ROBERT KHUZAMI
Acting United States Attorney

By: _____

Brooke E. Cucinella
Richard Cooper
Assistant United States Attorneys
(212) 637-2477/1027

Mark Germann
Special Assistant United States Attorney
(212) 637-6524

APPROVED:

_____
LISA ZORNBERG
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____          23 February 2018
John Dodelande                                Date

APPROVED:

_____          2/23/18
A. John Pappalardo                          Date
Attorney for John Dodelande

04.26.2015