

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**JONATHAN R. STREETER**

jonathan.streeter@dechert.com
+1 212 698 3826  Direct
+1 212 314 0049  Fax

June 8, 2020

**VIA ECF AND EMAIL**

Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:  *United States v. Telemaque Lavidas,* **S1 19-cr-716**

Dear Judge Cote:

Telemaque Lavidas respectfully submits this letter application in connection with the order entered in this matter on June 5, 2020.  Mr. Lavidas respectfully requests that his sentencing date not be adjourned from June 22, 2020, to July 23, 2020.

Mr. Lavidas has been in custody first at the Metropolitan Correctional Center and then at the Metropolitan Detention Center ("MDC") for almost eight months since his arrest on October 18, 2019.  His sentencing was originally scheduled for April 17, 2020.  On March 23, 2020, Your Honor adjourned that sentencing to June 22, 2020, and gave the parties until March 27, 2020 to object to that first adjournment.  Mr. Lavidas did not object at that time, recognizing that an in person sentencing on April 17, 2020 would be impossible in light of the spread of COVID-19, and that videoconference sentencings were not even contemplated by the law until after the passage of the CARES Act (which coincidentally was signed into law later that day).

On April 1, 2020, the MDC where Mr. Lavidas is detained and other BOP facilities went on complete lockdown due to the spread of COVID-19.  Federal Bureau of Prisons, "Memorandum for Inmate Families and Friends," April 21, 2020, attached hereto as Exhibit A.  During that lockdown, inmates were confined to their cells and only allowed to leave their cells three days a week, first for 15 minutes per day, and eventually for up to 1 hour per day, in order to shower, do laundry, and possibly place a brief phone call to a family member.  In other words, inmates were permitted out of their cells for between 45 minutes and 3 hours per week.  This lockdown continued for 52 days until May 21, 2020, when it was eased to some degree.  When it was eased, inmates were allowed out of their cells for 3 hours per day, five days per week, but returned to complete lockdown on weekends.  Then, on June 1, 2020, an even more severe lockdown was



June 8, 2020
Page 2

resumed in response to public demonstrations related to the death of George Floyd.[1]  On June 3, 2020, an inmate at MDC died after being peppered sprayed when he became unruly in response to that resumed lockdown.[2]  As of the submission of this letter, all inmates at the MDC remain on lockdown, with even less time out of their cells than during the 52 day period discussed above.  In addition, on March 13, 2020, approximately three months ago, all in person visitation by family or counsel to inmates was terminated (*see* Ex. A), and there is no date in the foreseeable future when such visitations will resume.

We respectfully request that sentencing go forward on June 22, 2020.  While Mr. Lavidas understands the importance of protecting the health and safety of both inmates and correctional staff, these restrictions are incredibly difficult for inmates to endure, and are significantly more onerous inside high security holding facilities such as the MDC.  Sentencing Mr. Lavidas at the end of June would alleviate these harsh conditions if the Court were to grant Mr. Lavidas's request submitted today in his sentencing memorandum for time served (more than 8 months as of June 22, 2020) plus some period of home confinement, or, in the alternative, those conditions will at least be alleviated somewhat if he were designated and transferred to a lower security BOP facility at the discretion of BOP.  The BOP is currently designating prisoners after sentencings, and it has announced that it currently intends to resume transferring inmates to those facilities after June 30, 2020.[3]

For these reasons, further delay in Mr. Lavidas's sentence would result in "serious harm to the interests of justice."  *See* Section 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  New York City began phase one of its re-opening procedure today, June 8, 2020.  It may be possible for the sentencing to go forward in person in late June.  If it cannot, Mr. Lavidas consents to it proceeding by videoconference because further delay would impose significant hardship on him.  Over the last several weeks, many courts, including in the

---

[1] Buble, Courtney, Federal Bureau of Prisons Goes Into National Lockdown Over Protests, Government Executive, available at  https://www.govexec.com/management/2020/06/federal-bureau-prisons-goes-national-lockdown-over-protests/165820/

[2] Tamar Lapin and Ben Feuerherd, Inmate at Brooklyn federal lockup died after guards pepper-spray him. *New York Post* (June 3, 2020), available at https://nypost.com/2020/06/03/inmate-at-brooklyn-mdc-dies-after-guards-pepper-spray-him/

[3] Federal Bureau of Prisons, "COVID-19 Action Plan: Phase Seven" (last updated May 20, 2020), available at https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (BOP "COVID-19 Action Plan," including restriction on inmate movement, "will remain in place through June 30, 2020").

17266709.3.LITIGATION



Southern District of New York, have regularly conducted sentencings by videoconference or telephonically when, as here, the defendants consented to that procedure. *See, e.g.*, *U.S. v. DiMarco*, 18-cr-863 (S.D.N.Y., May 29, 2020) (Caproni, J.); *U.S. v. Olivieri*, 18-cr-316 (S.D.N.Y., May 28, 2020) (Crotty, J.); *United States v. Joseph*, 15-cr-95 (S.D.N.Y., April 22, 2020) (Nathan, J.) [Dkt. 2827]; *United States v. Reichert*, 11-cr-1056 (S.D.N.Y., April 3, 2020) (Cote, J.) [Dkt. 71].

Indeed, in the Bryan Cohen insider trading case, Judge Pauley recently ruled, over the objection of the government, that delay in sentencing would result in serious harm to the interests of justice under the CARES Act, even though Mr. Cohen was not detained. Judge Pauley is holding a videoconference sentencing of Mr. Cohen tomorrow. In ruling that delay in sentencing would seriously harm the interests of justice, Judge Pauley held:

> In the case at hand, Cohen has been on home confinement for seven months. He does not know when his sentence will be or even when this Court can conduct an in-person sentencing. Contrary to the Government's assertion, *this uncertainty can impair the interests of justice...* By authorizing judges to conduct sentencings via videoconference, the CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty."

*U.S. v. Cohen*, 19-cr-741 (S.D.N.Y., May 19, 2020) [Dkt. 41] Memo. and Order at 4-5 (emphasis added). Those same concerns apply to Mr. Lavidas. But they are greatly magnified by the fact that he has been detained for eight months and, for more than two months, has been on lockdown, confined to his cell, at the MDC.

Accordingly, we request that his sentencing be scheduled to occur either in person or by videoconference on June 22, 2020.

Respectfully submitted,

_____s/_____
Jonathan R. Streeter

cc: AUSAs Richard Cooper and Daniel Tracer

17266709.3.LITIGATION