

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**JONATHAN R. STREETER**

jonathan.streeter@dechert.com
+1 212 698 3826 Direct
+1 212 314 0049 Fax

June 9, 2020

**VIA ECF AND EMAIL**

Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:  *United States v. Telemaque Lavidas,* **S1 19-cr-716**

Dear Judge Cote:

Telemaque Lavidas respectfully submits this letter to supplement his Sentencing Memorandum, which was filed yesterday.  Earlier today the Honorable William H. Pauley III sentenced Bryan Cohen to time served (approximately eight months' home confinement), an additional year of home confinement, and 1500 hours of community service.  Cohen was an investment banker at Goldman Sachs and pled guilty to providing material non-public information to Marc Demane Debih, who then passed that information on to George Nikas.  According to the Government, Cohen was paid approximately $1 million in cash for those tips and Cohen's tips resulted in approximately $9 million in gains for Nikas and Demane.  Because most of the trading resulting from those tips occurred in Europe, the Government agreed to a stipulated Sentencing Guidelines range of 30-37 months' imprisonment for the trading in the United States.  The Government requested a sentence at the top of that range, 37 months, for Cohen.  The Probation Department recommended a sentence of 24 months' imprisonment.  Today Judge Pauley sentenced Cohen to time served on home confinement, plus a year of additional home confinement.

We submit that Your Honor should consider Cohen's sentence in arriving at a sentence for Mr. Lavidas, and in recognizing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6).  By any measure, and according to the Government, Cohen's offense conduct was much more culpable than Mr. Lavidas's.  For these reasons and those set forth in our Sentencing Memorandum submitted yesterday, we request that Your Honor sentence Mr. Lavidas to time served, which as of his sentencing date will be more than eight months in prison at the MCC and MDC.



June 9, 2020
Page 2

Demane testified at Mr. Lavidas's trial that Cohen was one of his sources of inside information. Trial Transcript at 354:14-23. Cohen was an investment banker at Goldman Sachs who repeatedly stole confidential information from his clients and sold it to Demane for cash. *See U.S. v. Cohen*, 19-cr-741, Government's Sentencing Submission [Dkt No. 44] (May 27, 2020) at 2 (hereinafter "Gov. Cohen Sent. Memo") attached hereto as Exhibit A. Specifically, Cohen provided Demane with a "steady stream of information" about two major corporate acquisitions over a multi-year period. *Id*. at 10. Based on Cohen's tips, Demane was able to earn "hundreds of thousands of dollars" trading in U.S. securities and over $7 million trading in Swiss securities. *Id.* at 13. Demane also shared Cohen's tips with Nikas, who used them to earn over $1.6 million in additional profits. *Id.* at 5-6.[1] In exchange, for these tips, Demane paid Cohen $1 million in cash. *Id.* at 4. According to the Government, Cohen's participation in the scheme lasted from April 2015 through April 2018. *Id.* at 5, 8.

Cohen went to great lengths to conceal his illegal conduct. Like other members of Demane and Nikas's expansive insider trading ring, Cohen and Demane communicated only with burner phones, which Cohen obtained from Nikas. *Id.* at 3-4. Even when communicating by burner phone, Cohen would speak to Demane in code. *Id.* at 4. Demane paid Cohen for the tips in cash, which Cohen arranged to be paid overseas and kept hidden in a safe in his parents' house in France. *Id.* at 4, 11.

Cohen was arrested on October 18, 2019 and was released on bail later that day. *Id.* at 8. He has been on home confinement from that date to today. The Probation Office recommended a sentence of 24 months' imprisonment for Cohen. *Id*. at 9. The Government requested a sentence of 37 months, the top of the Guidelines range, because Cohen was paid $1 million in cash for tips, he used burner phones and other deception to hide his conduct, he breached a duty to his clients at Goldman Sachs, he engaged in "cunning and calculated" criminal conduct over a long period of time, and the vast majority of Demane's profits (and all of Nikas's) were not accounted for under the Sentencing Guidelines. *Id.* at 1, 9, 13.

Judge Pauley considered all of these facts and sentenced Cohen to time-served, plus one year of home confinement and 1,500 hours of community service.

---

[1] Cohen and the Government stipulated to a Sentencing Guidelines range of 30-37 months' imprisonment. The profit realized by Demane from trading in Swiss securities was not included in the Guidelines calculation because it was not U.S. trading and all profits realized by Nikas were not included because the Government agreed Cohen did not know Demane would share the information with Nikas, even though Nikas was providing burner phones to Cohen. Gov. Cohen Sent. Memo at 7, 9, 11.



We respectfully request that Your Honor consider Cohen's sentence, which includes no jail time, when arriving at the appropriate sentence for Mr. Lavidas, pursuant to 18 U.S.C. § 3553(a)(6) (discussing the need to avoid unwarranted sentencing disparities among similarly situated defendants). By any measure, and especially according to the Government's Sentencing Memo in the Cohen case, Cohen's offense conduct was much more culpable than that of Mr. Lavidas. For example, Cohen was paid $1 million in cash for tips, Mr. Lavidas was not; Cohen used burner phones, Mr. Lavidas did not; Cohen was an investment banker who breached a duty to a number of his clients and provided many tips about multiple deals to Demane over several years; according to the government Mr. Lavidas provided three tips to Nikas about one company as part of their broader friendship and overlapping business interests.

As of the date of his sentencing, Mr. Lavidas will have served more than 8 months' imprisonment at the MCC and MDC. After two months of lockdowns and more than three months without any family visitation, this time has been very, very hard time. We ask Your Honor to sentence him to time served.

Respectfully submitted,

_____s/_____
Jonathan R. Streeter

cc: AUSAs Richard Cooper and Daniel Tracer