UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA          [**Proposed**]
         **Consent Order of Restitution**

     v.

TELEMAQUE LAVIDAS,          No. S1 19 Cr. 716 (DLC)

     Defendant.

―――――――――――――――――――――――――――――

     Upon the application of the United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, Richard Cooper and Daniel Tracer, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Counts One through Seven of the above Superseding Indictment; and all other proceedings in this case, it is hereby ORDERED that:

     **1.**      **Amount of Restitution**

     Telemaque Lavidas, the Defendant, shall pay restitution in the total amount of $186,430.99, pursuant to 18 U.S.C. § 3663; 18 U.S.C. § 3663A (MVRA), to the victim of the offenses charged in Counts One through Seven, namely Ariad Pharmaceuticals, Inc. ("Ariad") and its successor Takeda Pharmaceuticals U.S.A., Inc. ("Takeda").

     **A.**      **Joint and Several Liability**

     Restitution will be joint and several with the following defendant in the following case: United States v. Marc Demane Debih (the "Demane Case"), No. S3 18 Cr. 184 (VSB). The Government has agreed that it will seek the same amount of restitution to Takeda/Ariad from Demane at his sentencing and, if ordered, will seek a further order that Demane pay that amount within 90 days of the imposition of that restitution obligation.

2. **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

a. Telemaque Lavidas shall, within 90 days of his sentencing, pay $93,215.50 of the restitution obligation to Takeda/Ariad.

b. No additional restitution payments shall be due until 90 days after the entry of an order of restitution in the Demane Case, and, in the event Demane is ordered to pay at least $93,215.50 in restitution to Takeda/Ariad, and in fact makes such a payment within 90 days of Demane's order of restitution, Telemaque Lavidas's restitution obligation will be satisfied.

3. **Payment Instructions**

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

**4**.        **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).  If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

**5**.        **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: ___/s/ Daniel Tracer_____          _June 24, 2020_____
Richard Cooper / Daniel Tracer                              DATE
One Saint Andrew's Plaza
New York, NY 10007
Tel.: (212) 637 – 1027/2329

TELEMAQUE LAVIDAS

By: \_/s/ Jonathan R. Streeter_____  \_June 24, 2020_____
Jonathan R. Streeter, Esq.  DATE
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3826

```
So ordered with the addition of the following term:  If any
amount of restitution remains unpaid 180 days following
following imposition of sentence on Marc Dename Debih, then
the unpaid amount of restitution must be paid forthwith by
defendant Lavidas.   7.02.2020.
```

                                            DENISE COTE
                              United States District Judge