

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**JONATHAN R. STREETER**

jonathan.streeter@dechert.com
+1 212 698 3826 Direct
+1 212 314 0049 Fax

February 22, 2022

**VIA EMAIL AND ECF**

Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*Granted.*
*Denise Cote*
*2/22/22*

Re:   *United States v. Telemaque Lavidas,* S1 19-cr-716

Dear Judge Cote:

We write to request early termination of Telemaque Lavidas's term of supervised release, pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c). Throughout his period of imprisonment and subsequent to his release from incarceration, specifically his transition to running his family's company and continued commitment to community service, Mr. Lavidas has demonstrated that there is no further need for supervision.

The Probation Department has informed Mr. Lavidas that it supports this request for termination of supervision. The Government has also informed the undersigned that, based on the unique circumstances of this case, it has no objection to this request.

**Applicable Law**

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In addition, Federal Rule of Criminal Procedure 32.1(c)(2)(B) provides that the Court may terminate a term of probation or supervised release without holding a hearing if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release."

Rather than punishment, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000); see also 18 U.S.C. § 3583(c). The primary goal of supervised release is to provide "supervision and training programs after release." Johnson, 529 U.S. at 59 (quoting S.Rep. No. 98-225, p. 124 (1983)).



Hon. Denise Cote
February 22, 2022
Page 2

### Background

Following Mr. Lavidas's January 15, 2020 conviction, on July 2, 2020, the Court sentenced Mr. Lavidas to one year and one day of imprisonment, three years of supervised release, a $50,000 fine and a special assessment of $700. In addition, pursuant to a Consent Order of Restitution, Mr. Lavidas's restitution obligations are joint and several with a defendant in another case, Marc Demane Debih. Pursuant to that Consent Order of Restitution, Mr. Lavidas was ordered to pay his portion of the $186,430.99 restitution amount, which equaled $93,215.50, within 90 days of his sentence.

Mr. Lavidas's term of supervised release began on August 24, 2020. As a result of his early success on supervision, the Probation Department reduced his supervision to low intensity in November 2020. He successfully completed one year of supervised release on August 24, 2021, and, on February 24, 2022, will have served 18 months or half of his three-year term of supervised release.

Mr. Lavidas's performance on supervision has been exemplary. He paid all fines, special assessment fees and his portion of the restitution promptly after his sentencing. He also voluntarily placed the remaining $93,215.50 in restitution—which Mr. Lavidas will only owe if Marc Demane Debih does not pay his restitution portion—into a trust account, and Mr. Lavidas has provided binding direction for the trust account to pay the Clerk of the Court any amount of restitution that remains unpaid 180 days after Mr. Debih's sentencing. Furthermore, Mr. Lavidas has already satisfied all of his community service obligations, despite having three years to do so. He performed his community service at four organizations and completed all of his hours in January 2022. Moreover, as was the case prior to his incarceration, Mr. Lavidas remains committed to serving his community through various activities. For example, soon after his release from custody, Mr. Lavidas became a board member of Center for Community Alternatives ("CCA"), a New York community-based program that assists those convicted of crimes in reentering society through a variety of services. Mr. Lavidas has not applied any of his work for CCA towards his community service hours and remains a CCA board member despite relocating to Greece. In addition, Mr. Lavidas continues to volunteer with a local Greek nonprofit organization called Desmos, which serves as a hub between donors and beneficiary organizations.

Upon his release from custody, Mr. Lavidas immediately resumed working full-time at his family's business, Lavipharm S.A., and resided in New York City with his family. Lavipharm is an integrated group of companies focusing on pharmaceuticals and other health products. At the time, Mr. Lavidas's late father, Dr. Athanase Lavidas, was the CEO of Lavipharm. However, as the Court is aware, on April 15, 2021, Dr. Lavidas was diagnosed with Acute Myeloid Leukemia.



Hon. Denise Cote
February 22, 2022
Page 3

On April 20, 2021, the Court modified Mr. Lavidas's conditions of supervision to allow him to be supervised while living in Greece so that Mr. Lavidas could cover his father's job responsibilities while he received cancer treatment. Regrettably, on May 8, 2021, Dr. Lavidas passed away as a result of complications caused by the leukemia.

Since relocating to Greece with his family, Mr. Lavidas has successfully transitioned to the role of Executive Director at Lavipharm, where he works full-time (and sometimes 18-hour days) running the business. Despite his father's untimely passing, Mr. Lavidas has been able to successfully carry on Lavipharm's operations while reintegrating to family life and helping his wife raise their two young children. Mr. Lavidas is committed to overseeing Lavipharm's continued growth and has strengthened its relationship with key stakeholders and the Greek business community. As Lavipharm's Executive Director, Mr. Lavidas is also responsible for maintaining a company that employs over 250 people, many of whom have families. He informed the Greek regulatory authorities about this case and those authorities did not object to him serving as a director of Lavipharm. Nonetheless, a termination of supervision would help alleviate concerns from Lavipharm's prospective business partners about Mr. Lavidas's continuing legal status in the United States. In addition, as international travel restrictions ease, Mr. Lavidas will often be called upon to travel for business at the last minute, and the need to obtain permission for such travel from his probation officer could complicate that travel.

Mr. Lavidas has continued to demonstrate his rehabilitation as a law-abiding citizen. Despite the harsh conditions of Mr. Lavidas's confinement in MDC and MCC during the height of a global pandemic, he was, in every respect, a model prisoner who continually sought out ways to help his fellow inmates. And the more than 100 letters of support that were submitted in connection with his sentencing demonstrated that he is a good person who often looks to help others. Mr. Lavidas has remained true to his character since his release from prison 18 months ago, working diligently to run his family's business, volunteering for the community, and taking care of his family, which includes not only his wife and two young children, but also his two young sisters and widowed mother who are grieving the death of their father/husband.

Mr. Lavidas's probation officer, Zondra Jackson, can be reached at (212) 805-5172. We believe Ms. Jackson will inform the Court that Mr. Lavidas has adjusted well following his release from incarceration, that there have been no issues with Mr. Lavidas's supervision in another country, and that there appears to be no real threat of recidivism in Mr. Lavidas's case.

During his term of supervised release, Mr. Lavidas has fully complied with the conditions of his supervision and satisfied all financial and community service obligations imposed by the Court. He is successfully running Lavipharm and has fully reintegrated into the Greek



Hon. Denise Cote
February 22, 2022
Page 4

community. Continued supervision will not serve any rehabilitative objectives and is not necessary to assist him in being a productive member of society.

For all the reasons stated above, we respectfully request that the Court grant Mr. Lavidas's application for early termination of supervised release.

Respectfully submitted,

_____s/_____
Jonathan R. Streeter

cc: AUSAs Daniel Cooper and Richard Tracer
U.S. Probation Officer Zondra Jackson